Louise SMITH, Individually, and as Executrix, et al
*v.* Charlie WARD

82-158                                        643 S.W.2d 549

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*L. David Stubbs,* for appellants.

*R. Bynum Gibson, Jr.* of *Gibson & Gibson, P.A.,* for appellee.

GEORGE ROSE SMITH, Justice. In 1981 the appellee, Charlie Ward, brought this suit in the circuit court to recover possession of a 35-acre tract that had been left to him by the will of his stepmother, Melissie Ward, who died in 1967 without descendants. Her will left the property to her husband, Miles Ward, for life with remainder to Miles's son, the appellee Charlie. Melissie's will was never filed for probate. Nevertheless, her surviving husband remained in possession of the property until his own death in 1980. His will purported to leave the property to the appellants, defendants below, who contend in substance that despite Act 347 of 1981, Ark. Stat. Ann. § 62-2126.1 (Supp. 1981), an unprobated will is of no effect and cannot affect the title to land. Melissie's possible revocation of her will and other disputed issues of fact have been settled by the jury's verdict in Charlie's favor. The key question of law is the effect of Act 347 of 1981.

The 1949 Probate Code provided, inflexibly: "No will shall be effectual for the purpose of proving title to or the right to the possession of any real or personal property disposed of by the will until it has been admitted to probate." Ark. Stat. Ann. § 62-2126 (Repl. 1971). In 1981, however, the legislature adopted Act 347, which creates the following exception to the Code's sweeping rejection of unprobated wills:

> [E]xcept that a duly executed and unrevoked will which has not been probated may be admitted as evidence of a devise if (1) no proceeding in Probate Court concerning the succession or administration of the estate has occurred, and (2) either the devisee or his successors and assigns possessed the property devised in accordance with the provisions of the will, or the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings.

The statute manifestly gives effect to a testator's unrevoked will, though never probated, if the two specified conditions are satisfied. The appellee met all the requirements of the 1981 act by introducing a Xerox copy of Melissie's will, and

by offering proof that it had been duly executed and not revoked, that there had been no administration of the estate, and that the devisee for life had possessed the property until his death.

The appellants' main argument, almost their sole argument, is that the court should not have permitted the plaintiff even to introduce into evidence the Xerox copy of Melissie's will. It is argued, primarily, that the Probate Code, quoted earlier, denied any effect to an unprobated will and that Act 347 expressly declared in its second section that it did not repeal that section of the Probate code. True, but Act 347 did amend the Code, else it had no purpose. Since the appellee's case is within the purview of the amendment, the appellants' argument fails.

The appellants also argue, secondarily, that the Xerox copy of Melissie's will was inadmissible under Uniform Evidence Rule 1003, Ark. Stat. Ann. § 28-1001 (Repl. 1979), which reads:

> A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

It is insisted that the original unprobated will was not of "continuing effectiveness" and therefore could not be proved by a Xerox duplicate. The short answer to this reasoning is that although the original will was no longer effective as a document eligible for probate, it *was* effective "as evidence of a devise" under Act 347. If that is not so, the act had no effect whatever. The duplicate is therefore admissible.

We cannot consider counsel's argument about a requested instruction. The instruction may have been requested, but the record does not so reflect. Its inclusion in the abstract and brief was decidedly improper. *BWH, Inc.* v. *Metropolitan Nat. Bank.*, 267 Ark. 182, 191, 590 S.W.2d 247 (1979); *Harvey* v. *Castleberry*, 258 Ark. 722, 529 S.W.2d 324 (1975).

Affirmed.