Opal JOHNSON *v.* Winford JOHNSON, Winnie
MORTON and Wilma TURNEY

85-295                                           732 S.W.2d 121

Supreme Court of Arkansas
Opinion delivered June 29, 1987

*Lynn Law Firm*, by: *Terry J. Lynn* and *Rebecca L. Lynn*, for appellant.

*Stripling & Morgan*, by: *Dan Stripling*, for appellees.

STEELE HAYS, Justice. This appeal concerns the effect of a will which was not probated within the five years allowed under Ark. Stat. Ann. § 62-2125 (Repl. 1971). Clarence Johnson died in 1978 survived by his widow of many years, appellant Opal Johnson, and by three children of a former marriage, the appellees. His will, which was never probated, divided his estate into two trusts, the Opal Johnson Trust and the Clarence Johnson Family Trust. Opal Johnson was to receive the net income from both trusts until her death, but if she remarried the income from the family trust would terminate and the corpus would be distributed to the appellees. When Clarence Johnson died his estate consisted of a farm and several certificates of deposit. The CD's were consolidated into one certificate for $49,000 issued to "The Estate of Clarence Johnson." The certificate remained with the Clinton State Bank and interest generated by the CD was paid to Opal Johnson with the approval of the appellees.

In 1985 Mrs. Johnson remarried and the children filed a petition in the Van Buren Chancery Court alleging that their father had died intestate and asking that the $49,000 be divided one-third to Opal Johnson and two-thirds to them as heirs of Clarence Johnson. Opal Johnson responded by asking that the will be admitted pursuant to Ark. Stat. Ann. § 62-2126.1 (Repl. 1971) to prove her entitlement to one-half of the assets of the estate. The chancellor held that the Clarence Johnson will was not subject to probate, more than five years having elapsed since the testator's death, that § 62-2126.1 was not applicable, and that distribution of the estate should be governed by the laws of intestate succession, dower and homestead. Mrs. Johnson has appealed, contending the trial court's decision that § 62-2126.1 is inapplicable is clearly erroneous. We think the chancellor ruled correctly.

In 1981 the legislature adopted Act 347 (codified as Ark. Stat. Ann. § 62-2126.1). Section 1 of the Act reads:

> Except as provided in Section 66 of Act 140 of 1949, as amended, the same being Arkansas Statutes 62-2127, to be effective to prove the transfer of any property or to nominate an executor, a will must be declared to be valid by an order of probate by the Probate Court, except that a duly executed and unrevoked will which has not been probated may be admitted as evidence of a devise if (1) no proceeding in Probate Court concerning the succession or administration of the estate has occurred, and (2) either the devisee or his successors and assigns possessed the property devised in accordance with the provisions of the will, or the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings.

Section 2 of the Act provides that the Act is intended to supplement "existing laws relating to the time limit for probate of wills, and the effect of unprobated wills, and shall not be construed to repeal [§ 62-2125] and [§ 62-2126]." The two sections referred to are the requirement for probating a will within five years and the proviso that "no will shall be effectual for the purpose of proving title to or the right to possession of any real or personal property disposed of by will until it has been admitted

to probate." (§ 62-2126).

The avowed intent of the 1981 enactment was not to alter existing laws affecting the timely probate of wills in order to give effect to their provisions, but to evidence a claim of ownership by one who has been in possession of property consistent with the terms of an unrevoked will which was not probated. There are two essentials to the application of § 62-2126.1 — that the will is unrevoked and the claimant is in possession of the property. Here it was undisputed that the certificate of deposit remained in the possession of the Clinton State Bank, payable to "The Estate of Clarence Johnson." That fails to comply with the requirement of the law.

Mrs. Johnson argues that she was in "possession" of the property in that she received the income. But we interpret the language and intent of § 62-2126.1 to be that actual possession, rather than constructive, is contemplated for the enactment to apply and we are not inclined to extend the provision beyond its express terms.

Affirmed.