Ivan ATKINSON and J. Gene Atkinson *v.* Bonnie KNOWLES

CA 02-1257                                         105 S.W.3d 818

Court of Appeals of Arkansas
Division I
Opinion delivered May 21, 2003

*Johnny L. Nichols*, for appellants.

*Donnie Rutledge*, for appellee.

JOHN B. ROBBINS, Judge. This appeal concerns the ownership of the contents of a bank safe-deposit box owned by the deceased, Francis Nickerson. The bank, First Federal of Arkansas, F.A., filed an interpleader action in December 2001 when it opened safe-deposit box number 132, discovering cash, coins, and

two certificate of deposit books under the name of Mr. Francis E. Nickerson who had died in September 1990. The ownership card could not be found. The interpleader action requested that the bank be allowed to turn over the items into the registry of the court and allow the trial court to determine ownership. The suit named appellants Ivan and Gene J. Atkinson, nephews of the deceased, as defendants, and appellee Bonnie Knowles, niece of the deceased, as a defendant. Appellants and appellee are siblings.

Appellants answered by asserting that no will was ever probated for Nickerson and that his property should pass through the laws of intestate succession and be divided equally among the three defendants. Appellee answered by attaching an unprobated will of Nickerson executed in 1988 naming her as sole beneficiary as evidence that the contents of the safe-deposit box should be vested in her, citing to Ark. Code Ann. § 28-40-104 (1987). Appellee also cross-complained against the bank for negligence in not having informed her of the safe deposit box within five years of Nickerson's death, should she not be awarded the entirety of the box's contents. Appellants moved for judgment on the pleadings, and appellee moved for summary judgment. After a hearing, appellee's motion was granted on the basis that she met the requirements of section 28-40-104. Appellants appeal. We affirm.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Bond v. Lavaca Sch. Dist.*, 347 Ark. 300, 64 S.W.3d 249 (2001). Normally, in an appeal from a summary judgment, the evidence is viewed most favorably for the party resisting the motion and any doubts and inferences are resolved against the moving party, but when the parties agree on the facts, we need only determine whether the appellee was entitled to judgment as a matter of law. *See Aloha Pools & Spas, Inc. v. Employer's Ins. of Wausau*, 342 Ark. 398, 39 S.W.3d 440 (2000). When both sides agree that there are no material facts remaining, summary judgment is an entirely appropriate means for resolution of the case. *McCutchen v. Patton*, 340 Ark. 371, 10 S.W.3d 439 (2000). The question in the case at bar is one of law. A trial judge's conclusion on a question of law is given no deference on appeal. *See Kelly v. Kelly*, 341 Ark. 596, 19 S.W.3d 1 (2000); *City of Lowell v. M & N Mobile Home Park*, 323 Ark. 332, 916 S.W.2d 95 (1996).

The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Turnbough v. Mammoth Spring Sch. Dist.*, 349 Ark. 341, 78 S.W.3d 89 (2002). In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* Statutes relating to the same subject are said to be *in pari materia* and should be read in a harmonious manner, if possible. *R.N. v. J.M.*, 347 Ark. 203, 61 S.W.3d 149 (2001).

The relevant statutory law is found at Ark. Code Ann. § 28-40-104 (1987), which reads:

> (a) No will shall be effectual for purposes of proving title to or the right to the possession of any real or personal property disposed of by the will until it has been admitted to probate.
>
> (b) Except as provided in § 28-40-101, to be effective to prove the transfer of any property or to nominate an executor, a will must be declared to be valid by an order of probate by the probate court, except that a duly executed and unrevoked will which has not been probated may be admitted as evidence if:
>
>> (1) No proceeding in probate court concerning the succession or administration of the estate has occurred, and;
>>
>> (2) Either the devisee or his successors and assigns possessed the property devised in accordance with the provisions of the will, or the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings.
>
> (c) The provisions of subsections (b) and (c) of this section shall be supplemental to existing laws relating to the time limit for probate of wills, and the effect of unprobated wills, and shall not be construed to repeal § 28-40-103 and subsection (a) of this section or any other law not in direct conflict herewith.

The 1949 Probate Code provided: "No will shall be effectual for the purpose of proving title to or the right to the possession of any real or personal property disposed of by the will until it has been admitted to probate." Ark. Stat. Ann. § 62-2126 (Repl. 1971). The current recitation is found in section 28-40-104(a) (1987). In 1981, however, the legislature adopted Act 347, which creates an exception to the Code's sweeping rejection of unprobated wills by adopting the language found in section 28-40-104(b) and (c). The statute manifestly gives effect to a testator's

unrevoked will, though never probated, if the two specified conditions are satisfied. *Smith v. Ward*, 278 Ark. 62, 643 S.W.2d 549 (1982). All parties agree that there have never been probate proceedings regarding the will, thus meeting the first requirement.

Appellants argue, as they did to the trial judge, that appellee failed to show "possession" of the contents of the safe-deposit box and thus failed as a matter of law under subsection (b)(2). Appellants cite to *Songer v. Wiggins*, 71 Ark. App. 152, 27 S.W.3d 755 (2000) (deciding what constitutes "possession" of the farm property devised) and *Johnson v. Johnson*, 292 Ark. 536, 539, 732 S.W.2d 121, 123 (1987) (holding that certificate of deposit in bank, though interest was paid to widow, remained in actual possession of the bank; thus widow's claim to have possession of the certificate failed where she did not have actual possession). Appellee agrees that she did not possess the contents of the safe–deposit box. Appellee asserts that "the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings." Ark. Code Ann. § 28-40-104(b)(2). That being the case, appellee contends that this situation fits within the parameters of subsection (b)(2), which thus allows evidence of the testator's intention and provides the evidence that supports the trial court's conclusion that appellee is the owner of the box contents. The trial judge concluded that appellee was correct.

We distinguish the present situation from that found in *Johnson v. Johnson, supra*. In the *Johnson* case, Mr. Clarence Johnson died in 1978 survived by his widow of many years, appellant Opal Johnson, and three children of a former marriage, the appellees. His will, which was never probated, divided his estate into two trusts. Opal was to receive the net income from both trusts until her death, but if she remarried, the income from the family trust would terminate and the corpus would be distributed to the appellees. When Clarence Johnson died, his estate consisted of a farm and several certificate of deposit. The certificates of deposit were consolidated into one certificate for $49,000 issued to "The Estate of Clarence Johnson." The certificate remained with the bank, and interest generated by the certificate was paid to Opal with the approval of the appellees. After more than five years passed from their father's death, appellees requested the chancery court to declare their father intestate and distribute his property accordingly. Opal responded by presenting the unprobated will.

Opal also asserted that she was in "possession" of the certificate of deposit inasmuch as she received the interest on the certificate. She cited to what is now Ark. Code Ann. § 28-40-104. The chancellor decided that the statute did not apply, and the supreme court agreed. The supreme court construed the statute to mean that if a claimant asserts possession, it must be actual and not constructive, which was not met when the actual certificate remained with the bank. Because Opal contended that she was in possession of the property, the supreme court had no reason to address the applicability of the alternative statutory condition, *i.e.*, a situation in which no one claimed or possessed property of a decedent during the five-year term in which to conduct testacy proceedings.

■ This is the first case construing this alternate language in subsection (b)(2), and we hold that the trial judge's application of the law to the undisputed facts was correct. A plain reading of the statute, giving the words their ordinary and plain meaning, leaves us with no other reasonable conclusion. This unique situation appears to be just the type of scenario that the statute was designed to remedy.

Affirmed.

GLADWIN and NEAL, JJ., agree.