## Valda STOKAN, et al. *v.*
## ESTATE OF MARJORIE CANN, et al.

CA 06-996                                          266 S.W.3d 210

### Court of Appeals of Arkansas
Opinion delivered October 31, 2007

*Timothy Denison* and *David O. Bowden*, for appellants.

*Haught & Wade, LLP,* by: *John Cogan Wade* and *William D. Haught,* for appellees.

D.P. MARSHALL JR., Judge. This case involves Arkansas's intestacy statutes. Marjorie Cann, a retired schoolteacher, died in 2005. She left no spouse, no descendants, no will, and an estate worth approximately $700,000.00. Her many cousins disagreed about how they should share Cann's estate. After several hearings and briefing, the probate division of the circuit court entered an order distributing Cann's estate. Five of Cann's paternal first cousins, once removed — we will refer to them collectively as "the paternal cousins" — have appealed that distribution. Our review is *de novo*. *Wells v. Estate of Wells*, 325 Ark. 16, 18, 922 S.W.2d 715, 716 (1996). The question of law presented is whether Judge Brantley correctly applied several provisions of our probate code about intestate succession to the interesting and undisputed facts of this case. She did.

## I.

Before it divided Cann's estate among her extended family, the circuit court had to determine the members of Cann's inheriting class — the persons entitled to take from her estate. To do so, the court looked to our table of descent. Ark. Code Ann. § 28-9-214 (Repl. 2004). The provision relevant to Cann's estate states:

> [I]f the intestate is survived by no descendant, then in respect to such portion of his or her heritable estate as does not pass under subdivisions (2)-(5) of this section, the inheriting class will be the surviving grandparents, uncles, and aunts of the intestate. . . . If any uncle or aunt of the intestate shall predecease the intestate, the descendants of the deceased uncle or aunt will take, per capita or per stirpes according to §§ 28-9-204 and 28-9-205, the share the decedent would have taken if he or she had survived the intestate[.]

Ark. Code Ann. § 28-9-214(6).

When she died, Cann's closest living relatives were her sixteen maternal first cousins. Seven of Cann's first cousins had predeceased her — leaving children (Cann's first cousins, once removed) and other descendants. Under § 28-9-214(6), the circuit court held that Cann's inheriting class consisted of her grandparents, uncles and aunts (who were all deceased) and their living descendants — including Cann's first cousins and the descendants of her deceased first cousins. *Cf.* Restatement (Third) of Prop.: Wills and Other Donative Transfers § 2.4 (1999).

After the circuit court determined the members of Cann's inheriting class, the next question was how much of the estate each

class member would receive. To answer that question, the court referred, as it was directed to do by § 28-9-214, to the code provisions about distribution. Ark. Code Ann. § 28-9-204 (Repl. 2004) explains how Cann's heirs were to take their shares from her estate:

> (1)(A)  If all members of the class who inherit . . . from an intestate are related to the intestate in equal degree, they will inherit . . . in equal shares and will be said to take per capita.
>
> . . . .
>
> (2)  If the members of the inheriting class are related to the intestate in unequal degree, those in the nearer degree will take per capita or in their own right, and those in the more remote degree will take per stirpes or through representation as provided in § 28-9-205.

Section 204(1)(A) did not apply because Cann's inheriting class included both her surviving first cousins and the descendants of her deceased first cousins. Therefore, the circuit court turned to Ark. Code Ann. § 28-9-205 (Repl. 2004) to divide Cann's estate.

Arkansas Code Annotated § 28-9-205 explains when and how to divide an estate per stirpes. Its formula directed the circuit court to divide Cann's estate into as many equal shares as there were surviving heirs in the nearest degree of kinship to Cann and deceased heirs of the same degree of kinship who had surviving descendants. Ark. Code Ann. § 28-9-205(a)(2)(A) & (B). This provision applied to Cann's sixteen living first cousins and to the seven first cousins who had predeceased Cann, but left descendants who survived her. It did not apply, as the paternal cousins argue, to the deceased aunts, uncles, and grandparents — they were deceased members of the inheriting class, and thus only their living descendants took their shares of the estate. Ark. Code Ann. § 28-9-205(a)(2)(A) & (B). Each of Cann's surviving first cousins was to take per capita, receiving one full share. The descendants of each predeceased first cousin were to take per stirpes, dividing one share proportionally among them. Ark. Code Ann. § 28-9-205(a)(3).

Following Ark. Code Ann. § 28-9-205(a)(2), the circuit court divided Cann's estate into twenty-three equal shares. Each of her living first cousins got 1/23 of her estate. The descendants of Cann's deceased first cousins — including her paternal cousins

who have appealed — took their representative share of their deceased parents' 1/23 share. One of these first cousins, once removed, predeceased Cann, and his five living children received his share per stirpes pursuant to § 28-9-205(b).

## II.

On appeal, the paternal cousins argue that the circuit court misread and misapplied Ark. Code Ann. § 28-9-214(6). Cann's estate, they say, should have been divided per capita at the grandparent/aunt/uncle level of kinship, with a per stirpes distribution to the cousins from there. The paternal cousins assert that "[t]he fact that the statute omits a clause stating that if *all* of the aunts, uncles and grandparents predecease the estate, the descendants shall take per stirpes or per capita means the only reasonable interpretation [is] that the estate was to be divided at the level of aunt and uncle." (Emphasis added.) Otherwise, they say, the estate should escheat to the county of Cann's residence under Ark. Code Ann. § 28-9-215(3).

We disagree. We may not focus exclusively, as the paternal cousins' argument does, on one part of our probate code. Instead, we must consider and apply all the relevant provisions of the code in harmony. *Atkinson v. Knowles*, 82 Ark. App. 224, 227, 105 S.W.3d 818, 819 (2003). And the paternal cousins' argument fails to acknowledge the relationship between Ark. Code Ann. §§ 28-9-204 & 205 and Ark. Code Ann. § 28-9-214.

These other applicable statutes make plain that the "any" in § 28-9-214(6) is capacious enough to include the situation here: Cann's grandparents, aunts, and uncles predeceased her but left descendants living at the time of Cann's death. That circumstance fixed the inheriting class at the surviving-first-cousin level.

We acknowledge that the words of § 28-9-214(6) will bear another interpretation. It is possible to read the introductory phrase — "the inheriting class will be the surviving grandparents, uncles, and aunts of the intestate[ ]" — as a condition that one of these named individuals must survive Cann before this section of the code applies. But this interpretation does not get the paternal cousins where they want to go — a per capita distribution from the grandparent/uncle/aunt level. The paternal cousins note this interpretation but do not strongly press it. They see that it would lead to an escheat of Cann's estate to Pulaski County.

We reject this interpretation of § 28-9-214(6) for two reasons. First, it would require us to read the words "but not all of them" into the last sentence of § 28-9-214(6): "If any uncle or aunt of the intestate *but not all of them* shall predecease the intestate, the descendants of the deceased uncle or aunt will take . . . ." We may not, however, add words to the statute. *Elam v. Hartford Fire Ins. Co.*, 344 Ark. 555, 568, 42 S.W.3d 443, 451 (2001). Again, we must give effect to and harmonize all the statute's terms if possible. *Ford v. Keith*, 338 Ark. 487, 494, 996 S.W.2d 20, 24-25 (1999). Second, this alternative reading would defeat the manifest purpose of our intestacy statutes: to prescribe a default rule for equitably dividing the intestate's estate among her family, with escheat as the last resort.

■ Reading a condition of survivorship into the introductory phrase of § 28-9-214(6) would lead to the escheat of Mrs. Cann's estate to the county of her residence at death. She would have no surviving heir under § 28-9-214(6) (grandparents, uncles, and aunts) or § 28-9-214(7) (great grandparents, great uncles, great aunts), and her estate would pass pursuant to § 28-9-214(8) and § 28-9-215(3) to Pulaski County. Considered as a whole, our intestacy statutes disfavor escheats. This sound policy echoes the common law. 30A C.J.S. *Escheat* § 1 (2007). Faced-with two permissible readings of § 28-9-214(6), we adopt the one that is more consistent with all the words in this section and our law's preference for Cann's albeit distant kin over Pulaski County.

■ The modified per stirpes intestacy scheme in Arkansas is unusual. Restatement § 2.4 cmt. i. And it is complex. Illuminated by all the provisions about intestacy, our statutes are clear nonetheless. Under these statutes, the per capita distribution is at the first level at which the intestate has surviving heirs, § 28-9-205(a)(2), regardless of what level was used to determine the inheriting class under § 28-9-214. Because all of Cann's aunts, uncles, and grandparents had predeceased her, the circuit court correctly made the per capita distribution of Cann's estate at the first-cousin level.

Affirmed.

BAKER and MILLER, JJ., agree.