104 Ark.App. 257

**Brenda Bryant OSBORN, Opal M. Garfi, Altha P. Hickman, Norma Sexton, Linda Bliss, Rita Gilliam, Gene Bryant, Billy Ray Bryant, and Beverly Beeman, Appellants,**

v.

**Billy BRYANT, Betty Hamby, Norma Knight, Mabel Kimberling, and Dortha M. Whitner, Appellees.**

No. CA 08–589.

Court of Appeals of Arkansas.

Jan. 14, 2009.

Bristow & Richardson, PLLC, by: Bill W. Bristow, Jonesboro, for appellants.

Robert Hudgins, Searcy, for appellees.

ROBERT GLADWIN, Judge.

This is the second appeal from a declaratory judgment rendered by the Jackson County Circuit Court concerning whether a will that was not admitted to probate could be used as evidence of a devise of property under Ark.Code Ann. § 28–40–104 (Supp.2007).[1] The circuit court held that the will could not be used because appellant Brenda Bryant Osborn had filed an affidavit for collection of small estate and attached the will to that affidavit. Osborn and the other appellants raise two points on appeal challenging that ruling. We reverse.

The facts are largely undisputed. Lacy Bryant died testate on June 15, 1994, sur-

---

1. We dismissed the first for lack of a final order. *Osborn v. Bryant,* CA06–1131, 2007 WL 1429917 (Ark.App. May 16, 2007) (*Osborn I*).

vived by his widow, Naomi Bryant, and eight surviving children.[2] In his will, Bryant left his real property—a twenty-acre tract upon which his home was situated and a sixty-acre tract—to his wife for the duration of her life and then both tracts to Osborn should she choose to pay $200 per acre to Bryant's other heirs for the sixty-acre tract. The will further instructed that, should Osborn elect not to purchase the property, it would be divided equally between Bryant's children, *per stirpes.*

Following Bryant's death, Osborn filed an affidavit for collection of small estate with the Jackson County Circuit Court. The affidavit also attached Bryant's will. The will appears to be properly executed by Bryant and three witnesses. Two of the attesting witnesses also executed a "Proof of Will." Finally, a "Notice of Probate" and proof of publication of that notice were also filed on October 14, 1994.

On June 21, 1995, Osborn executed an "Administrator's Deed" to herself. The deed conveyed the property of Lacy Bryant pursuant to the terms of the will, reflecting that Bryant's widow would retain a life estate and the terms by which Osborn could purchase the property upon her mother's death. The deed was duly recorded. Naomi Bryant lived on the property until her death on November 1, 2004.

On December 1, 2004, appellees filed the present declaratory-judgment action against Osborn and the other appellants, heirs who had accepted her payments, seeking to have the court declare that Lacy Bryant's will and the administrator's deed were invalid, and that Lacy Bryant's property should pass in accordance with the laws of intestacy. The complaint also sought partition of the real estate in the event appellees were successful with their petition for declaratory judgment. Appellants denied the allegations and asserted that Osborn owned the property pursuant to the administrator's deed.

### Arguments Made in the Circuit Court

At trial, appellees argued that the will and deed were nullities under section 28–40–104 because the will was never probated. They also asserted that the exceptions in section 28–40–104 do not apply because there was a probate proceeding—the affidavit of collection of small estate. Appellees also cited the five-year statute of limitations for probating a will found in section 28–40–103 as a further reason why the deed could not be used as evidence of Osborn's title to the property. Finally, appellees argued that, because there was no administration of Lacy Bryant's estate, Osborn lacked authority to execute the administrator's deed to herself.

In response, appellants argued that the small estate procedure was excepted from the reach of section 28–40–104 by the statute's plain language. Appellants also asserted that section 28–41–102(d) authorized Osborn to execute a deed to herself. At trial, appellants cited the supreme court's decision in *Smith v. Ward,* 278 Ark. 62, 643 S.W.2d 549 (1982), for the proposition that section 28–40–104(b) allows a will not admitted to probate to be effective as evidence of a devise if the two conditions listed in that section are met.

### The Circuit Court's Ruling

On June 12, 2006, the circuit court issued a written decision finding that Lacy

---

2. In addition to Osborn, Bryant's other surviving children are appellant Opal Garfi, appellant Altha P. Hickman, appellant Gene Bryant, appellee Billy Bryant, appellee Betty Hamby, appellee Dortha Whitner, and appellee Norma Knight. Appellants Norma Sexton, Linda Bliss, Rita Gilliam, Billy Ray Bryant, and Beverly Beeman are children of Bryant's deceased child O.M. Bryant, as is appellee Mabel Kimberling.

Bryant's will was never admitted to probate but, nevertheless, could not be used as evidence of a devise because Brenda Osborn's filing of an affidavit of small estates was "a probate proceeding concerning the succession ... of the estate" under Ark.Code Ann. § 28–40–104(b)(1). The court noted that the small estate procedure was "not intended to provide a means to avoid probate where there is an elevated likelihood of conflict among heirs, there are out-of-state heirs not likely to see the published notice, and the will provides conditions precedent to the transfer of property." The court concluded that Lacy Bryant effectively died intestate. This court dismissed Osborn's appeal in *Osborn I* for lack of a final order. Following remand, the circuit court entered a partition decree finding that the property could not be divided in kind and ordering it sold. This appeal followed.

### Arguments on Appeal

Appellants raise two points on appeal: (1) that the distribution of Lacy Bryant's estate without administration was properly accomplished and the "Administrator's Deed" should be recognized as a valid conveyance of the real property, and (2) that the circuit court improperly applied Arkansas Code Annotated section 28–40–104 to the facts of this case.

This case involves the interpretation of section 28–40–104, which provides as follows:

(a) No will shall be effectual for the purpose of proving title to or the right to the possession of any real or personal property disposed of by the will until it has been admitted to probate.

(b) Except as provided in § 28–41–101, to be effective to prove the transfer of any property or to nominate an executor, a will must be declared to be valid by an order of probate by the circuit court, except that a duly executed and unrevoked will which has not been probated may be admitted as evidence of a devise if:

(1) No proceeding in circuit court concerning the succession or administration of the estate has occurred; and

(2) Either the devisee or his or her successors and assigns possessed the property devised in accordance with the provisions of the will, or the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings.

(c) The provisions of subsections (b) and (c) of this section shall be supplemental to existing laws relating to the time limit for probate of wills, and the effect of unprobated wills, and shall not be construed to repeal § 28–40–103 and subsection (a) of this section or any other law not in direct conflict herewith.

We review issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *See, e.g., Great Lakes Chemical Corp. v. Bruner*, 368 Ark. 74, 243 S.W.3d 285 (2006). Regarding our standard of review for statutory construction, our supreme court has said:

The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Id.* at 82, 243 S.W.3d at 291 (citations omitted).

Appellees and the circuit court focused on the fact that section 28–40–104(b) provides that, to be effective as evidence of a transfer of property, a will must be declared valid by a court. Further, they also questioned whether appellants could meet the requirements of section 28–40–104(b)(1), namely, that there have not been any proceedings concerning the "succession or administration of the estate." However, the circuit court erred in its interpretation because it failed to give effect to subsection (b)'s provision that exempts small-estate proceedings from the requirement that, to be evidence of a property transfer, a will must be declared valid by a court. Section 28–40–104(b) provides: "*Except as provided in § 28–41–101* [the small-estate procedure], to be effective to prove the transfer of any property or to nominate an executor, a will must be declared to be valid by an order of probate by the circuit court. . . ." (Emphasis added.) As noted above, we construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. By excepting small-estate proceedings from the reach of section 28–40–104(b), the legislature intended that a will that had not been admitted to probate could still be used as evidence of a devise of real property in cases where the small-estate procedure is used without meeting the conditions listed in that section. The two conditions are relevant in cases where the small-estate procedure is not used. There is no argument that Osborn did not comply with the procedures for collection of small estates.

This is the first case construing this alternate exception language in subsection (b), and we hold that the circuit court erred in its application of the law to the undisputed facts. A plain reading of the statute, giving the words their ordinary and plain meaning, leaves us with no other reasonable conclusion. This unique situation appears to be just the type of scenario that the statute was designed to remedy.

Reversed.

PITTMAN and GLOVER, JJ., agree.

