2009 Ark. 358

Brenda Bryant OSBORN, Opal M. Garfi, Altha P. Hickman, Norma Sexton, Linda Bliss, Rita Gilliam, Gene Bryant, Billy Ray Bryant, and Beverly Beeman, Appellants,

v.

Billy BRYANT, Betty Hamby, Norma Knight, Mabel Kimberling, and Dortha M. Whitener, Appellees.

No. 09–73.

Supreme Court of Arkansas.

June 18, 2009.

Bristow & Richardson, PLLC, by: Bill W. Bristow, Jonesboro, for appellants.

Robert Hudgins, Searcy, for appellees.

DONALD L. CORBIN, Justice.

Appellants Brenda Bryant Osborn, Opal M. Garfi, Altha P. Hickman, Norma Sexton, Linda Bliss, Rita Gilliam, Gene Bryant, Billy Ray Bryant, and Beverly Beeman appeal the order of the Jackson County Circuit Court granting a declaratory judgment in favor of Appellees Billy Bryant, Betty Hamby, Norma Knight, Mabel Kimberling, and Dortha M. Whitener. Appellants argue that the circuit court erred in declaring that Lacy Bryant died intestate and that his will could not be used as evidence of Osborn's claim to certain property. This case is presented to us as a petition for review from the court of appeals' decision in *Osborn v. Bryant*, 104 Ark.App. 257, 290 S.W.3d 620 (2009); hence, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(e) and 2–4. For the reason set forth below, we reverse the order of the circuit court and remand this case for proceedings consistent with this opinion.

The present controversy concerns the ownership of eighty acres of land in Jackson County. The land, which consists of a twenty-acre homestead and sixty acres of farmland, was owned by Lacy Bryant. At the time of his death on June 15, 1994, Lacy was survived by his wife, Naomi

Bryant, and eight children.[1] Lacy left a will devising a life-estate interest in the twenty-acre homestead and sixty-acre tract to his wife, Naomi, with the remainder to Appellant Brenda Bryant Osborn, one of Lacy's children, conditioned upon her payment of $200 per acre to the remaining heirs for the sixty-acre tract. The will further provided that if Brenda elected not to purchase the property from the other heirs, it was to be divided equally between Lacy's children, per stirpes.

Upon Lacy's death, Brenda filed an affidavit for collection of small estate, pursuant to Ark.Code Ann. § 28–41–101 (Repl. 2004 & Supp.2007), and attached her father's will to the affidavit. The same day she filed the affidavit, Brenda also filed a "Notice of Probate." Proof of publication of the notice was subsequently filed on October 14, 1994. Thereafter, on June 21, 1995, Brenda executed and filed an "Administrator's Deed," which incorporated the terms of her father's will.

Naomi died on November 1, 2004. Following her mother's death, Brenda asserted her claim to the remainder interest in her father's property and tendered payment to Lacy's remaining heirs. Those heirs who are now Appellants in the instant matter accepted the payments; those heirs who are now Appellees declined her payments and opted to file the instant action, seeking a declaratory judgment, partition, and asserting a breach-of-contract claim. Therein, Appellees requested the following declarations: (1) that Lacy's will was invalid, as it had never been probated and could not now be probated; (2) that the "Administrator's Deed" executed by Brenda was void and invalid; and (3) that Lacy died intestate and that his property should pass according to the laws of intestacy. Appellees requested the court

---

1. One son predeceased Lacy and Naomi.

to partition the land or, alternatively, to order it sold and the proceeds divided equally among Lacy's heirs.

A hearing on the petition was held on December 19, 2005. Appellees argued that the will and deed were nullities under Ark.Code Ann. § 28–40–104 (Repl.2004 & Supp.2007), the statute governing the use of a will as evidence of a devise. Appellees also asserted that the exceptions in section 28–40–104 were not applicable, as a probate proceeding had commenced, namely the filing of the affidavit and administrator's deed. Appellants countered that the small-estate procedure they had utilized was excepted from the provisions in section 28–40–104, and cited to this court's decision in *Smith v. Ward*, 278 Ark. 62, 643 S.W.2d 549 (1982), for support. Appellants also argued that Brenda was authorized to execute the administrator's deed, pursuant to Ark.Code Ann. § 28–41–102(d) (Repl.2004). At the conclusion of the hearing, the court announced that it was taking the matter under advisement.

An order granting the petition for declaratory judgment was subsequently entered on June 12, 2006. The circuit court found that Lacy's will was never probated. Although the court found that the will was never revoked, it also found that Brenda could not use it as evidence to support her claim of ownership to the eighty-acre tract. This finding was based on the court's reasoning that once Brenda filed the small-estate affidavit and issued the "Administrator's Deed" to herself, she was using a probate proceeding to effect the succession of estate property and, thus, could not

satisfy the requirements of section 28–40–104(b)(1). The court also concluded:

> [T]he small estate collection statute specifically provides for a distributee taking transfer of real property to issue a deed to himself or herself. However, the small estate collection statute was designed to pass small, non-complex, and usually uncontroverted estates to the proper heirs without full probate administration. It was not intended to provide a means for avoid probate where there is an elevated likelihood of conflict among heirs, there are out-of-state heirs not likely to see the published notice, and the will provides conditions precedent to the transfer of property.

The court reserved ruling on the request for partition and the breach-of-contract claim until a final hearing could be held. Appellants filed a notice of appeal on July 11, 2006. On May 16, 2007, the court of appeals, in an unpublished opinion, dismissed the appeal for lack of a final order pursuant to Ark. R. Civ. P. 54(b).[2]

Following the court of appeals' dismissal, the circuit court entered a decree of partition on March 31, 2008. Therein, the trial court held that the land could not be divided and ordered it sold, with the proceeds to be divided among the heirs.[3] Appellants filed a timely notice of appeal to the court of appeals. The court of appeals reversed, holding that the circuit court erred in its interpretation of section 28–40–104 because it failed to give effect to subsection (b)'s provision that exempts small-estate proceedings from the requirement that a will must be proved valid to be used as evidence of a devise.

**2.** Dismissal of the appeal was improper as probate orders, with two exceptions neither of which is applicable here, are appealable pursuant to Ark.Code Ann. § 28–1–116 (Supp. 2004). *See Sanford v. Murdoch*, 374 Ark. 12, 285 S.W.3d 620 (2008) (stating that probate orders may be appealed during the course of a probate administration regardless of whether the estate has been closed).

**3.** The pending claim for breach of contract was dismissed after Appellees voluntarily nonsuited the claim.

*See Osborn,* 104 Ark.App. 257, 290 S.W.3d 620. Following the court of appeals' decision, this court granted Appellees' petition for review. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. *See Cedar Chem. Co. v. Knight,* 372 Ark. 233, 273 S.W.3d 473 (2008).

Appellants raise the following two points on appeal: (1) the distribution of Lacy's property without administration was properly accomplished, and the administrator's deed should be recognized as a valid conveyance of Lacy's property to Brenda; (2) the circuit court incorrectly applied section 28–40–104 in determining that Lacy's will could not be used as evidence of a devise. Appellees counter that the distribution of Lacy's estate without administration was improper, as it was based on an attached will that was never probated and that Appellants failed to follow the proper procedure for probate of a will without administration. Because the crux of the instant appeal is found in Appellants' second point, we will address it first.

In construing section 28–40–104, the circuit court found that Lacy's will was not probated and, thus, could not be used as evidence of Brenda's claim to the eighty-acre tract of land. Moreover, the court found that Brenda's filing of the affidavit for collection of small estate and subsequent issuance of the administrator's deed constituted a probate proceeding as intended in section 28–40–104(b)(1). The court concluded that Lacy's will was never admitted to probate and that he effectively died intestate. Thus, the first question to be addressed is whether the circuit court correctly interpreted section 28–40–104 to preclude use of Lacy's will as evidence of a devise.

This court reviews issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *City of Little Rock v. Rhee,* 375 Ark. 491, 292 S.W.3d 292 (2009). Our standard of review for issues of statutory construction is well settled:

> The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Id.* at 495, 292 S.W.3d at 294 (quoting *Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 82, 243 S.W.3d 285, 291 (2006) (citations omitted)). With this standard in mind, we turn to the statutory provision at hand.

Section 28–40–104 provides in relevant part:

> (a) No will shall be effectual for the purpose of proving title to or the right to the possession of any real or personal property disposed of by the will until it has been admitted to probate.

> (b) Except as provided in § 28–41–101, to be effective to prove the transfer of any property or to nominate an executor, a will must be declared to be valid by an order of probate by the circuit court, except that a duly executed and unrevoked will which has not been probated may be admitted as evidence of a devise if:

> > (1) No proceeding in circuit court concerning the succession or administration of the estate has occurred; and

(2) Either the devisee or his or her successors and assigns possessed the property devised in accordance with the provisions of the will, or the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings.

Of importance to the issue here is subsection (b), which requires that the will sought to be used as evidence of a transfer of property must be declared valid by a probate order. The court found that Lacy's will had not been admitted to probate or found to be valid by a probate order and, thus, could not be used as evidence of Lacy's transfer of property to Brenda. In so finding, however, the circuit court ignored the beginning language of this subsection "[e]xcept as provided in § 28–41–101." This language plainly provides an exception for the small-estate proceedings governed by section 28–41–101 to the rule that |₈a will must be declared valid by a probate order to be used as evidence of a devise. As previously stated, we are charged with construing a statute so that no word is left void, superfluous, or insignificant, and we must give meaning and effect to every word in the statute, if possible. Moreover, our interpretation that section 28–40–104(b) excepts small-estate proceedings from its requirements is consistent with the General Assembly's intent in creating a procedure for the collection of a small estate that is not subject to the more rigorous requirements of administration procedures. In sum, the circuit court incorrectly found that Lacy's will could not be used as evidence of a devise because it had not been declared valid by an order of the probate court or otherwise admitted to probate.

Further, the circuit court determined that the will could not be used as evidence under section 28–40–104(b)(1), because Brenda's filing of the small-estate affidavit and issuance of the administrator's deed constituted a proceeding in circuit court concerning the succession of the estate. Because the small-estate procedure is excepted from the requirements of section 28–40–104, the issue of whether Brenda commenced a probate proceeding is irrelevant. Accordingly, the trial court's order granting Appellees' motion for declaratory judgment was in error.

■ Having determined that the circuit court erred in its interpretation and application of section 28–40–104 to the facts of this case, we turn now to Appellants' initial point on appeal. Appellants request that this court hold that the distribution of Lacy's estate without administration was properly accomplished and that the "Administrator's Deed" was a valid |₉conveyance of real property. We are unable to address the merits of this point, as the issue of whether Appellants complied with the procedures for the collection of a small estate was not before the circuit court. We are thus limited to holding that the circuit court erred in granting the declaratory judgment and ordering the land to be sold and the proceeds divided accordingly, where the circuit court's ruling was based on an erroneous interpretation and application of section 28–40–104.

Reversed and remanded.