James A. BRYANT and Carol Sue Bryant, as Trustees of the Bryant Family Revocable Trust, and James P. Bryant  *v.*  J.W. HENDRIX, Mark Treadwell, and Shawn Treadwell

08-828                                                             289 S.W.3d 402

Supreme Court of Arkansas
Opinion delivered December 11, 2008

*Davis Law Firm*, by: *Steven B. Davis*, for appellants.

*Patterson Law Firm, P.A.*, by: *Jerry D. Patterson*, for appellee J.W. Hendrix.

*Kent Tester, P.A.*, by: *Kent Tester*, for appellees Mark Treadwell and Shawn Treadwell.

DONALD L. CORBIN, Justice. Appellants, James A. Bryant and Carol Sue Bryant, as trustees of a revocable family trust, and their son James P. Bryant, appeal the order of the Searcy County Circuit Court granting summary judgment to Appellees, J.W. Hendrix, Mark Treadwell, and Shawn Treadwell. For reversal, Appellants contend the circuit court erred as a matter of law in ruling that the statute of limitations had run on their claims for trespass and encroachment stemming from the removal of timber on adjoining property. Specifically, Appellants contend that the provisions of Ark. R. Civ. P. 15(c) governing relation back of amendments in pleadings applies to substitutions of plaintiffs as well as defendants and that this court's decisions on this issue in wrongful-death cases should not be extended to apply to this case. The questions presented in this appeal require interpretation of court rules and clarification of the law.

Accordingly, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5) and (6). We find no error and affirm.

James A. Bryant and Carol Sue Bryant filed a complaint in Searcy County Circuit Court on September 13, 2002, seeking treble damages for trespass and removal of timber pursuant to Ark. Code Ann. § 18-60-102 (1987). The complaint alleged that they owned real property[1] adjoining that owned by J.W. Hendrix and that, pursuant to an agreed settlement in a previous case, the Bryants and Hendrix walked the boundary lines of their properties and located the corners of their land. The complaint further alleged that on or about September 1, 2002, Mark Treadwell and Shawn Treadwell acted pursuant to Hendrix's direction and removed the existing boundary fence between the properties and trespassed upon the Bryants' property to a distance of about 100 feet and removed timber therefrom, including a black cherry tree more than 100 years old. In addition to seeking treble damages under section 18-60-102, the complaint also sought punitive damages, alleging the trespass was intentional. This complaint was voluntarily dismissed without prejudice on September 7, 2005.

James A. and Carol Sue Bryant then refiled their lawsuit by filing an amended complaint on August 8, 2006. The amended complaint noted that the boundary line between the Bryants and Hendrix had been established by a survey. James A. and Carol Sue Bryant amended their complaint again on December 15, 2006; this complaint was entitled "Third Amended Complaint" and added as party plaintiff their son, James P. Bryant, as the owner of some of the real property in question. The third amended complaint also alleged the value of timber wrongfully removed to be $5,368 and the cost of clearing debris left on their land to be $7,000. The complaint was amended for a fourth time on November 28, 2007, to reflect that James A. and Carol Sue Bryant were owners of the property as trustees of the Bryant Family Revocable Trust. The fourth amended complaint also alleged for the first time that piles of deadfall and timber slash remaining on their land constituted a continuing trespass and that Appellees had erected a fence along the southern and western edge of the Bryants' property, which was alleged to be an encroachment and continuing trespass.

---

[1] As it turns out, they were not the owners of the land in question, as they had previously transferred ownership to a revocable family trust they created in April 2001.

At the hearing on the Treadwells' motion for summary judgment,[2] Appellees stated that their motion was based on the fact that the plaintiffs named in the original complaint filed September 13, 2002, James A. and Carol Sue Bryant, did not own the property in question because it had been placed in the family trust in April 2001. Appellees cited the trial court to *Rhuland v. Fahr,* 356 Ark. 382, 155 S.W.3d 2 (2004), and argued that the statute of limitations had run in the present case because, according to *Rhuland,* whenever an amendment to a complaint substitutes a new plaintiff, such amendment is a new cause of action and does not relate back to the original complaint. Appellants responded that *Rhuland* should not be applied to the present case for trespass and encroachment because it was a wrongful-death case. Appellants maintained that the applicable law was the doctrine of relation back of amended pleadings as found in Ark. R. Civ. P. 15(c).

The circuit court issued a letter opinion filed February 7, 2008, and entered an order on April 29, 2008, granting Appellees' motion for summary judgment on all claims. The order stated that the statute of limitations barred all claims and that the doctrine of relation back did not apply to the substitution of plaintiffs. This appeal followed.

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Anglin v. Johnson Reg'l Med. Ctr.,* 375 Ark. 10, 289 S.W.3d 28 (2008). On appeal, Appellants do not contend there are disputed issues of fact; rather, they argue the circuit court erred as a matter of law in granting summary judgment on the basis of the statute of limitations.

For reversal of the summary judgment, Appellants contend that the amendment of their complaint in December 2006 to add James P. Bryant as a plaintiff and again in November 2007 to substitute James A. and Carol Sue Bryant as trustees of the family trust should relate back to their original complaint, which was filed in September 2002, well within the three-year limitations period of the alleged trespass, which also occurred in September 2002. Appellants rely on Rule 15(c), which provides as follows:

---

[2] Hendrix joined in the motion for purposes of obtaining an appealable order pursuant to Ark. R. Civ. P. 54(b). Hereinafter, Hendrix and the Treadwells are collectively referred to as "Appellees."

(c) *Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Here, Appellants maintain that Appellees are not prejudiced by the substitution of the proper plaintiffs because the original complaint was timely filed, and Appellees had notice of the complaint. Appellants contend that the conduct asserted in the amended complaint arises out of the same conduct asserted in the original complaint, and therefore Rule 15 should operate to allow relation back in this case. Appellants also point out that under Rule 17 of the Arkansas Rules of Civil Procedure, if Appellees had moved to dismiss the case for failure to be prosecuted in the name of the real party in interest, Appellants would have been allowed a reasonable time to substitute the real party in interest. However, as discussed later herein, Appellants overlook the mistaken-identity requirement of Rule 15(c)(2)(B).

We observe that our Rule 15(c) is expressly written in terms of amendments or changes to the "party against whom a claim is asserted[.]" Appellants ask us to hold that the rule should be applied to allow amendments or changes to plaintiffs as well. We decline to so hold.

The issue of substitution of plaintiffs has recently been presented to this court in the context of claims for wrongful death and survival. *See, e.g., Rhuland v. Fahr,* 356 Ark. 382, 155 S.W.3d 2; *see also St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 73 S.W.3d 584 (2002). Very recently, we cited these cases with approval in the context of a bankruptcy estate. *Bibbs v. Cmty. Bank of Benton,* 375 Ark. 150, 289 S.W.3d 393

(2008). *Bibbs* involved plaintiffs who filed suit asserting a claim that was part of their bankruptcy estate. The plaintiffs originally filed suit as individuals, but then after the statute of limitations had run, amended the complaint to add the bankruptcy trustee as plaintiff. *Bibbs* observed that for the relation-back doctrine to apply, there must be valid pleadings to amend in the first place, and there was not a valid complaint in the first place because the original plaintiffs lacked standing and were not the real party in interest, rather the bankruptcy trustee was. *Bibbs* also cited *St. Paul*, one of the wrongful-death cases cited previously herein, and stated that an amended complaint that substitutes the original plaintiffs and replaces them with entirely new plaintiffs does not constitute an amendment to the original complaint but rather is the filing of a new lawsuit. *See Bibbs*, 375 Ark. 150, 289 S.W.3d 393.

Although the most recent cases on this subject decided by this court involved statutes mandating a suit be maintained by a specific party as plaintiff, the law in this state concerning the substitution of other types of plaintiffs has been well settled for decades. In *Ark-Homa Foods, Inc. v. Ward*, 251 Ark. 662, 473 S.W.2d 910 (1971), this court cited *Floyd Plant Food Co. v. Moore*, 197 Ark. 259, 122 S.W.2d 463 (1938), and *American Railway Express Co. v. Reeves*, 173 Ark. 273, 292 S.W. 109 (1927), and stated "[t]hose cases stand for the proposition so well put by 8 A.L.R. 2d 57 (1949)":

> It is well settled that where an action is brought in the name of a non-existing plaintiff, an amendment of complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations.

*Ark-Homa Foods*, 251 Ark. at 664, 473 S.W.2d at 911. The same principle applies to plaintiffs who are existent, but lack standing and are not the real party in interest. *See Bibbs*, 375 Ark. 150, 289 S.W.3d 393. When discussing this issue over eighty years ago in the context of different names of corporations who were plaintiffs, this court observed:

> It is a matter of extreme doubt that the St. Louis S.W. R. Co. could maintain a suit in the name of the Cotton Belt Railroad Company, though the two names designate only one person. It would not be a matter of mistake if it filed a suit under such name or style, because it must recognize its own corporate existence and corporate name. There is a difference in being made a defendant under one or two or

more names by which a person or corporation might be known and in suing and attempting to maintain litigation under such an appellation which it, itself, knew was not correct.

*Floyd Plant Food*, 197 Ark. at 265, 122 S.W.2d at 465-66.

■ In the present case, the original complaint and subsequent amendments all related to the same conduct alleged as a trespass. Appellees were on notice they would need to defend the trespass action. It is not, however, understandable that the Bryants or their counsel could be mistaken about the differing and distinct identities of the Bryants as individual landowners, their son as landowner, and their family trust as landowners. The Bryants transferred some of their land to their son in 1986. They created their family trust roughly one and one-half years prior to filing their first complaint in this case. It is not a matter of mistake, because the Bryants and their counsel must have recognized the existence of their family trust and their deed to their son. We therefore conclude on the facts here presented according to the long-standing law of this state that the substitution of plaintiffs in subsequent pleadings does not relate back to the date of the original complaint.

We are aware that Appellants cite us to the corresponding Rule 15 of the Federal Rules of Civil Procedure and authority applying that rule. *See Plubell v. Merck & Co.*, 434 F.3d 1070 (8th Cir. 2006); *see also Crowder v. Gordons Transps., Inc.*, 387 F.2d 413 (8th Cir. 1967). An analysis of these federal authorities would prolong this discussion needlessly, given the long-standing law of this state to the contrary.

■ Appellants contend that even if their claim for trespass is barred as untimely, they have also alleged a continuing trespass and encroachment from the piles of debris left on their land as well as the erection of a new fence. Appellants contend there is a seven-year statute of limitations applicable to these claims. Ark. Code Ann. § 18-61-102 (Repl. 2003). Appellants have not cited us to any authority that this statute applies to the facts of this case, and it is not apparent to us that it does. Moreover, although the circuit court granted summary judgment on "all claims," there was no ruling in either the court's letter opinion or the order regarding this statute. Accordingly, this issue is not preserved for our appellate review. We do not review on appeal matters on which

the trial court did not rule, and the party raising the point on appeal has the burden to obtain the ruling. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999).

The order granting summary judgment is affirmed.

IMBER, J., not participating.