2009 Ark. 542

**Joy Danielle DACHS and Joshua Allen Dachs, Individually; and Joy Danielle Dachs, as Special Representative of the Estate of Elizabeth Anne Dachs, Deceased, Appellants,**

v.

**Barry D. HENDRIX, MD; Family Practice Clinic; Hendrix Medical Services, PLLC; Paragould Physicians Management, LLC; Rebecca Fisher, LPN; Cynthia A. Bartholomew, RN; Arkansas Methodist Hospital Corporation d/b/a Arkansas Methodist Hospital, and d/b/a Arkansas Methodist Medical Center; and Continental Casualty Company, Appellees.**

No. 08–1191.

Supreme Court of Arkansas.

Nov. 5, 2009.

would still disagree with the majority's sanction, after examining the *Thompson* factors.

Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, Greenbriar, for appellants.

Friday, Eldredge & Clark, LLP, by: Laura Hensley Smith, John Adam Wells, Little Rock, for appellees Barry D. Hendrix, M.D.; Family Practice Clinic; Hendrix Medical Services, PLLC; and Paragould Physicians Management, LLC.

Womack, Landis, Phelps & McNeill, Jonesboro, by: Paul McNeill and Jeff Scriber Jonesboro, for appellees Rebecca Fisher, L.P.N.; Cynthia A. Bartholomew, R.N.; Arkansas Methodist Hospital Corporation; and Continental Casualty Company.

DONALD L. CORBIN, Justice.

⌊₁Appellants, Joy Danielle Dachs, individually and as special representative of the estate of Elizabeth Anne Dachs, deceased, and Joshua Allen Dachs, individually, appeal the order of the Greene County Circuit Court granting summary judgment to Appellees, Barry D. Hendrix, MD; Family Practice Clinic; Hendrix Medical Services, PLLC; Paragould Physicians ⌊₂Management, LLC (collectively, "the physician defendants"); and Rebecca Fisher, LPN; Cynthia A. Bartholomew, RN; Arkansas Methodist Hospital Corporation d/b/a/ Arkansas Methodist Hospital, and d/b/a Arkansas Methodist Medical Center; and Continental Casualty Company (collectively, "the hospital defendants"). The circuit court granted summary judgment on the basis that the limitations period had passed. For reversal, Appellants first contend that the minority tolling provision of the Arkansas Medical Malpractice Act tolled the limitations period; and second, that the original complaint was not a nullity, therefore the amended complaint could relate back to it. We granted review of the court of appeals' decision in this case, *Dachs v. Hendrix*, 103 Ark.App. 184, 287 S.W.3d 627 (2008), but ordered rebriefing because of a deficient addendum. *Dachs v. Hendrix*, 2009 Ark. 322, 320 S.W.3d 645 (per curiam). That deficiency has been cured, and we now proceed to address the merits of this case. Jurisdiction is properly in this court pursuant to Ark.Sup.Ct. R. 1–2(b)(1) and (e)(iii). We affirm the order granting summary judgment.

■ We granted review of this case because Appellants' arguments present two issues of first impression: whether the death of a minor removes the protection of

the minority tolling provision of the Arkansas Medical Malpractice Act, and whether an amended complaint asserting survival and wrongful-death claims that were time barred can relate back to a timely filed original complaint that alleged individual claims in addition to the survival and wrongful-death claims asserted by an improper party. When we grant a petition for review of a decision by the court of appeals, we consider the appeal as though it had originally been filed in this |₃court. *Skallerup v. City of Hot Springs,* 2009 Ark. 276, 309 S.W.3d 196. The facts are not in dispute, therefore we need only determine whether Appellees were entitled to judgment as a matter of law. *Swaim v. Stephens Prod. Co.,* 359 Ark. 190, 196 S.W.3d 5 (2004).

The original complaint in this case was filed on August 25, 2006, and was based upon the medical care and treatment rendered in connection with the stillbirth of Elizabeth Anne Dachs on September 1, 2004. The complaint named "Joy Danielle Dachs and Joshua Allen Dachs" as plaintiffs and, among others, asserted claims for wrongful death and survival. The complaint did not mention that Mrs. Dachs had been appointed special personal representative of the deceased's estate on November 3, 2004, or that she was acting in that capacity as a plaintiff. However, Mr. and Mrs. Dachs amended their complaint on March 16, 2007, to add as party plaintiff Mrs. Dachs in her capacity as special personal representative of the deceased's estate.

The hospital defendants and the physician defendants filed motions for summary judgment on the basis that the claims were now barred by the two-year statute of limitations because the Dachses lacked standing to bring the claims alleged in the original complaint. The Dachses responded that the original complaint included claims for injuries and harm to Mr. and Mrs. Dachs as individuals in addition to the wrongful-death and survival claims. Because their individual claims were timely filed, continued the response, the original complaint was not a nullity and the amended complaint could relate back to it. In addition, the Dachses claimed the limitations period had not yet expired because their claims came under the|₄protection of the minority tolling provision found in the Arkansas Medical Malpractice Act at Ark. Code Ann. § 16–114–203(c) (Repl.2006).

The circuit court held a hearing on the motions and ruled from the bench that it was granting summary judgment. In its written order, the circuit court found that the two-year statute of limitations for medical malpractice applied to this case. The circuit court also found that the Dachses in their individual capacities did not have standing to bring the survival or wrongful-death claims in the original complaint because Mrs. Dachs had already been appointed personal representative when the original complaint was filed. Therefore, the circuit court found that the claims for survival and wrongful death were not properly commenced in the original complaint. The circuit court also found that the wrongful-death and survival claims of the amended complaint could not relate back to the original complaint and were barred by the statute of limitations, and that the minority tolling provision, section 16–114–203(c), did not apply. The circuit court therefore granted summary judgment on all claims brought on behalf of the deceased's estate. In addition, the circuit court's order dismissed with prejudice the individual claims of Mr. Dachs for failure to state facts upon which relief could be granted, but allowed Mrs. Dachs's individual claims to remain. Finally, the circuit court certified that its order was final and appealable in compliance with Ark. R. Civ. P. 54(b).

As their first point for reversal of the summary judgment, Appellants contend that the limitations period has not yet expired on their claims because of the minority tolling provision of the Arkansas Medical Malpractice Act. Specifically, Appellants contend that according to the unique wording and legislative history of the minority tolling provision, section 16–114–203(c), the statute of limitations does not expire on their claims for wrongful death and survival until eleven years after Elizabeth Dachs's birth.

A brief review of the history of the minority tolling provision is helpful to an understanding of Appellants' argument. However, we note at the outset, that a resort to legislative history is unnecessary to our resolution of this argument, given the plain meaning of the statute in question. The minority tolling provision began as part of Act 709 of 1979, which was then codified as Ark.Code Ann. § 16–114–203 (1987), and originally provided for a two-year statute of limitations on all medical malpractice claims, except that minors had until their nineteenth birthday to commence suit. In *Raley v. Wagner*, 346 Ark. 234, 57 S.W.3d 683 (2001), this court held that Act 709 was repealed and replaced by Act 997 of 1991. Act 997 provided as follows:

> (c) Except as otherwise provided in the subsection (d) of this section, if at the time at which the cause of action for medical injuries *occurring from obstetrical care* shall or with reasonable diligence might have first been known or discovered, the person to whom such claim has accrued shall be nine (9) years of age or younger, then such minor or the person claiming through such minor may, notwithstanding that the period of time limited pursuant to subsection (a) of this section shall have expired, commence action on such claim at any time within two (2) years next after the time

at which the minor shall have reached his ninth birthday, *or shall have died,* whichever shall have first occurred.

> (d) If, at the time at which the cause of action for medical injuries *occurring from obstetrical care* shall or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be a minor without a parent or legal guardian, then such minor or the person claiming through such minor may, notwithstanding that the period of time limited pursuant to subsection (a) of this section shall have expired, commence action on such claim at any time within two (2) years next after the time at which the minor shall have a parent or legal guardian *or shall have died,* whichever shall have first occurred; provided, however, that in no event shall the period of limitation begin to run prior to such minor's ninth birthday *unless such minor shall have died.*

(Emphasis added.)

This court observed in *Raley* that while Acts 709 and 997 both provided an exception to the two-year statute of limitations for specified minors, the savings statute giving all minors with medical malpractice claims until their nineteenth birthday to commence suit was not included in 1991 Ark. Acts 997. Rather, 1991 Ark. Acts 997 replaced 1979 Ark. Acts 709's "exception with a narrow, specific exception for minors with medical malpractice claims for medical injuries occurring from *obstetrical care.*" *Raley*, 346 Ark. at 240, 57 S.W.3d at 686.

Continuing with our review of the legislative history, we observe that subsequent amendments to the minority tolling provision came in 1995. Following Act 735 of 1995, section 16–114–203(c) was amended

to its current form and provides as follows with respect to minors:

(c)(1) If an individual is nine (9) years of age or younger at the time of the act, omission, or failure complained of, the minor or person claiming on behalf of the minor shall have until the later of the minor's eleventh birthday or two (2) years from the act, omission, or failure in which to commence an action.

(2) However, if no medical injury is known and could not reasonably have been discovered prior to the minor's eleventh birthday, then the minor or his representative shall have until two (2) years after the medical injury is known or reasonably could have been discovered, or until the minor's nineteenth birthday, whichever is earlier, in which to commence an action.

Ark.Code Ann. § 16–114–203(c) (Repl. 2006).

Appellants rely on subsection (c)(1) of this statute and contend that the 1995 amendments specifically removed death as a factor in limiting the protection of the minority tolling provision. Appellants assert that the appearance of the "shall have died" language in the 1991 Act followed by the subsequent removal of that language in the 1995 Act indicates a legislative intent that the death of a child under age nine is to have no effect on the tolling of the limitations period. Thus, Appellants contend that the statute of limitations will not expire until eleven years after Elizabeth Dachs's birth, regardless of her death.

█ This court reviews issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *Osborn v. Bryant,* 2009 Ark. 358, 324 S.W.3d 687; *City of Little Rock v. Rhee,* 375 Ark. 491, 292 S.W.3d 292 (2009). Our rules of statutory construction are well settled:

The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Rhee,* 375 Ark. at 495, 292 S.W.3d at 294 (quoting *Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 82, 243 S.W.3d 285, 291 (2006) (citations omitted)).

The statute we are called upon to interpret in this case reads that if an individual is aged nine years or younger at the time of the alleged medical malpractice, then he or she has "until *the later* of the minor's eleventh birthday or two (2) years from the act, omission, or failure in which to commence an action." Ark.Code Ann. § 16–114–203(c)(1) (emphasis added). The tragic reality of this case is that Elizabeth Dachs was stillborn and will not have an eleventh birthday. Therefore, giving the words of this statute their ordinary and usually accepted meaning in common language, as we are required to do, we conclude that her representative had until two years from the alleged malpractice occurring on September 1, 2004, to commence suit on her behalf. The limitations period on her claims expired on September 1, 2006, and Appellants' argument that they had until September 1, 2015, is without merit.

█ We are mindful of Appellants' contention that the trial court "read back into" the statute the "shall have died" language that the legislature removed via the 1995 amendments. To the contrary, it is

the interpretation advanced by Appellants that requires us to read into the statute language that is not there. Appellants advance an interpretation of the statute that would give them "until the later of [what would have been] the minor's eleventh birthday or two (2) years from the act, omission, or failure in which to commence an action." Ark.Code Ann. § 16–114–203(c)(1). In addition to giving effect to words that are not in the statute, an interpretation that a minor who is aged nine or younger is to be given until "what would have been" her eleventh birthday to commence suit renders the "until the *later* of" language meaningless. We construe statutes so that, if possible, every word is given meaning. *Osborn*, 2009 Ark. 358, 324 S.W.3d 687. Moreover, we do not engage in statutory interpretations that defy common sense and produce absurd results. *Griffen v. Ark. Judicial Discipline and Disability Comm'n*, 355 Ark. 38, 130 S.W.3d 524 (2003).

If the legislative intent behind the 1995 amendments was to give minors who are stillborn until eleven years after their birth to commence suit for medical malpractice, that is not what the plain language of the 1995 Act says. The fact that in 1995, when the statutory provision at issue was enacted, the legislature did not then recognize an unborn viable fetus as a "person" for purposes of the wrongful-death statute, bolsters the conclusion we reach today. *See Aka v. Jefferson Hosp. Ass'n*, 344 Ark. 627, 42 S.W.3d 508 (2001).

As their second point for reversal, Appellants contend that because the original complaint asserted individual claims in addition to the estate's claims, the complaint was not a complete nullity, and therefore the amended complaint could relate back to it. In the specific context of claims for wrongful death and survival, this court has held that an original complaint that asserts wrongful-death and survival claims and is filed by a party without standing is a nullity and provides nothing to which an amended complaint could relate back. *See, e.g., Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004); *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002). This court has also noted that an amended complaint that substitutes the original plaintiffs and replaces them with entirely new plaintiffs does not constitute an amendment to the original complaint but rather is the filing of a new lawsuit. *Bibbs v. Cmty. Bank of Benton*, 375 Ark. 150, 289 S.W.3d 393 (2008).

Appellants now assert that the present case is distinguishable from this line of precedent for two reasons. First, they assert that the original complaint is not a complete nullity because it raised individual claims in addition to the claims for wrongful death and survival. Second, they assert that the amended complaint did not substitute the original plaintiffs with entirely new plaintiffs because the individual claims of the Dachses were raised in both complaints. Appellants' distinction is one without meaning for limitations purposes.

We were recently asked in *Bryant v. Hendrix*, 375 Ark. 200, 204, 289 S.W.3d 402, 405 (2008), to hold that the doctrine of relation back as expressed in Ark R. Civ. P. 15(c) allowing amendments or changes to "the party against who a claim is asserted" should also be applied to allow changes to plaintiffs as well. In declining to so hold, we relied on the longstanding law of this state, and quoted with approval the following language: "It is well settled that where an action is brought in the name of a non-existing plaintiff, an amendment of complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations." *Bryant,*

375 Ark. at 205, 289 S.W.3d at 406. We then stated that "[t]he same principle applies to plaintiffs who are existent, but lack standing and are not the real party in interest." *Id.* We concluded that an amended complaint's substitution of plaintiffs does not relate back to the date of the original complaint.

As the foregoing quoted language indicates, that conclusion was based on the concept that a claim filed on behalf of a substituted proper party constitutes a new claim. If a claim is new, it follows that it cannot relate back to a previously asserted claim. Accordingly, Appellants' focus on the individual claims of the mother, Mrs. Dachs, asserted in the original complaint is of no consequence for statute-of-limitations purposes with respect to the "new" claims of the deceased's estate asserted in the amended complaint. The fact that the original complaint asserted the mother's individual causes of action has no effect on the expiration of the limitations period for the estate's causes of action. Appellant's second argument is without merit.

The order of the circuit court granting summary judgment is affirmed; the decision of the court of appeals is affirmed.

GUNTER, J., not participating.