The Honorable Uvalde Lindsey State Representative
2257 Gentle Oaks Fayetteville, Arkansas 72702
Dear Representative Lindsey:
I am writing in response to your request for my opinion on the following questions concerning the "Public Mass Transportation System and Facilities" sales and use tax authorized by A.C.A. §§ 26-73-110-112 (Repl. 2008 and Supp. 2011):
 1. May said tax only be levied in the amount of .25%? If not, what other amount could be levied?
 2. If the Quorum Court declines to refer the tax to the voters, may said tax be submitted to the voters via an Initiative Petition pursuant to A.C.A. § 14-14-914, A.C.A. § 14-14-915, and Amendment 7 to the Arkansas Constitution?
 3. If said tax can be submitted to the voters via an Initiative Petition, when must the election take place, at the regular election in November or at a special election?
RESPONSE
It is my opinion in response to your first question that the tax may be levied in any amount up to and including .25%. The answer to your second question is probably "no," in my opinion, rendering your third question moot.
Question 1 — May said tax only be levied in the amount of.25%? If not, what other amount could be levied? *Page 2 
Section 26-73-110 provides as follows in authorizing the levy of a sales and use tax for public mass transportation systems and facilities:
 Any county, city of the first class, city of the second class, or incorporated town may adopt an ordinance levying a special local sales or use tax for the use of such county or city or town in an amount not to exceed one-fourth of one percent (.25%), except that no city or town shall levy the tax herein authorized unless and until the quorum court of the county wherein said city or town is situated fails to pass an ordinance levying said tax on a county-wide basis or the county levying ordinance is defeated by the voters in a county-wide election.[1]
The answer to your question turns on the meaning of the above-emphasized language. In this regard, the rules of statutory construction are well settled:
 The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.[2]
The court will not search beyond the plain language when the language employed is clear on its face.[3]
Applying these principles of statutory construction, I believe A.C.A. § 26-73-110 is unambiguous in authorizing the levy of up to a .25% public mass transportation *Page 3 
sales and use tax in addition to all other sales and use taxes. Had the legislature intended to authorize a levy only in the amount of .25% or some other set amount, it easily could have so provided as it has with respect to other sales and use taxes.[4]
I recognize, in reaching this conclusion, that A.C.A. § 26-73-111 refers to a tax of "one-fourth of one percent (.25%)" when prescribing the ballot title to be used at the election on the tax:
 The ballot title to be used at the special election shall be substantially in the following form:
 "[ ] FOR adoption of a one-fourth of one percent (.25%) special local sales and use tax within. . . . (name of county or municipality) for support of a Public Mass Transportation System and Facilities."
 "[ ] AGAINST adoption of a one-fourth of one percent (.25%) special local sales and use tax within. . . . (name of county or municipality) for support of a Public Mass Transportation System and Facilities."[5]
But in my opinion, this statute is not a mandate that the tax only be levied in the amount of .25%. As an initial matter, applying the above rules of interpretation, I believe a court may well refuse to look beyond section 26-73-110's clear authorization of a tax "not to exceed" .25% when determining the legislative intent.
Additionally, as a practical matter, .25% is the only amount that could be referenced, without knowing what lesser amount a county, city, or town proposes to levy. The statute prescribes a ballot title form that must be "substantially" followed, thus leaving room for variation. Even assuming, therefore, that a court was persuaded to search beyond the language of section 26-73-110 to determine intent, section 26-73-111 does not, in my opinion, set the tax at .25%.
In sum, it is my opinion that the tax authorized by A.C.A. §§ 26-73-110-112 may be levied in any amount up to and including .25%. *Page 4 
 Question 2 — If the Quorum Court declines to refer the tax tothe voters, may said tax be submitted to the voters via anInitiative Petition pursuantto A.C.A. § 14-14-914, A.C.A. § 14-14-915, and Amendment 7 tothe Arkansas Constitution?
The question is whether the so-called "direct initiative process" under Amendment 7 can be invoked to adopt the special local sales and use tax authorized by A.C.A. §§ 26-73-110-112.[6] In my opinion, the answer is likely "no" because the enactment procedures mandated by A.C.A. §§ 26-73-110-112 probably do not include authorization for the voters to initiate the levy of this tax.
As noted, supra n. 6, the voters may exercise the powers reserved to them under Amendment 7 to propose and enact local legislation. Amendment 7 limits the legislative power reserved to the people, however, by providing that "no local legislation shall be enacted contrary to the Constitution or any general law of the State."[7] In this case, the relevant "general law" is A.C.A. §§ 26-73-110-112. These statutes establish specific procedures for adopting the public mass transportation tax. The tax must be levied in accordance with the state enabling legislation.[8]
Section 26-73-111 provides for the adoption of an ordinance levying the tax and calling for an election on the question. There is no provision, however, for the voters to petition for adoption of the tax. This is in stark contrast to other local sales and use tax statutes that plainly provide for elections on the question upon *Page 5 
petition of the voters.[9] In the absence of a similar grant of petition authority with respect to the mass transportation tax, I must conclude that an initiative petition to adopt the tax would likely be held invalid as failing to comply with Amendment 7. As explained above, the voters are limited to the enactment procedures under sections 26-73-110-112.
My hesitancy to conclude as an absolute matter that an initiative petition would fail is attributable to the following language in section 26-73-112:
 With the exception of the purpose for which the tax herein authorized may be used, all provisions of § 26-75-201 et seq., being enabling legislation for cities and incorporated towns to levy and collect local sales and use taxes, and §§ 26-74-201 et seq. and 26-74-301 et seq., being enabling legislation for counties to levy and collect local sales and use tax, shall be applicable and controlling in the levy, election, administration, collection, and enforcement of the tax herein authorized, except that the proceeds of a levy made by a county pursuant to this section and §§ 26-73-110 and 26-73-111 shall not be distributed on a per capita basis as provided for by § 26-74-201 et seq. and § 26-74-301 et seq., but shall be remitted and transmitted to the county treasurer and used for the purposes and in the percentage amounts as provided for and set forth in the levying ordinance.[10]
The emphasized language incorporates the cited subchapters of the Arkansas Code that authorize the levy of general-purpose sales and use taxes in counties and cities.[11] The statute is a so-called "reference statute" in this respect.[12] The question is whether the emphasized language makes the statute a general or a specific reference statute. The rule of construction is that "when a statute adopts the general law on a particular subject, rather than a specific statute only, the *Page 6 
adopting statute refers not only to the existing law but also to later legislation on the subject."[13] As further explained by the Arkansas Supreme Court:
 . . . when a statute adopts a part or all of another statute by a specific and descriptive reference thereto, such adoption takes the statute as it exists at that time, unaffected by any subsequent modification of the statute adopted, unless a contrary intention is clearly manifested. While this general rule is well recognized, there is also a well-established exception to, or qualification of, the rule to the effect that where the reference in an adopting statute is to the law generally which governs the particular subject, and not to any specific statute or part thereof, the reference in such case includes not only the law in force at the date of the adopting act but also all subsequent amendments or laws in force on the subject at the time it is invoked. [Citations omitted.][14]
The question arises in the instant case because county voters as of 1999, [15] and city voters as of 2007, [16] have been granted the authority to petition for an election on the question of the levy of a general sales and use tax. Such authority did not exist in 1991, when the mass transportation tax statutes, A.C.A. §§ 26-73-110-112, were enacted.[17]
If subsection 26-73-112(b) is a specific reference statute, then according to the general rule it only incorporates the adopted county/city general sales tax statutes in existence in 1991, and does not prospectively include the amendments authorizing an election upon petition of voters. If, on the other hand, subsection 26-73-112(b) is a general reference statute, then the levy of the mass transportation tax through an election called by the voters would be authorized by virtue of the adoption of the general-purpose sales and use tax enabling legislation.
While the question is probably subject to debate, I believe the weight of authority is in favor of subsection 26-73-112(b) being legislation of the specific reference type. It does not refer generally to the law governing county and city general-purpose *Page 7 
sales and use taxes. Instead, it refers to and describes particular enabling legislation; and it specifically excludes one provision as governing authority.[18] In my opinion, these specific, descriptive references likely bring the statute closer to the specific reference type.
Accordingly, in my opinion, a court faced with the issue would most likely conclude that the tax authorized by A.C.A. §§ 26-73-110-112 cannot be submitted to the voters via an initiative petition because the enactment procedures mandated by this body of law probably do not include authorization for the voters to initiate the levy of this tax. A response to your third question is unnecessary in light of this response.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] A.C.A. § 26-73-110(a) (Repl. 2008) (emphasis added).
[2] Ark. Pub. Def. Comm. v. Pul. Cty. Cir. Ct., CR10-120 (May 13, 2010), at 6 (citing Dachs v. Hendrix,2009 Ark. 542, at 7-8, ___ S.W.3d ___, quoting City of LittleRock v. Rhee, 375 Ark. 491, 495, 292 S.W.3d 292 (2009)).
[3] Ark. Pub. Def. Comm., supra n. 3, at 6 ("This court has instructed that when the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. See Hanners v. Giant Oil Co. of Arkansas, Inc.,373 Ark. 418, 284 S.W.3d 468 (2008). When a statute is clear, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. See id.).
[4] E.g., A.C.A. §§ 26-74-402 (Repl. 2003) (county without a sales and use tax on March 14, 1991 may order an election to levy a general-purpose "one-half percent (0.5%) countywide sales and use tax. . . ."); 26-75-403 (Repl. 2008) (cities may levy a "temporary local sales and use tax of either one percent (1%) or one-half percent (1/2%)" for parks and recreation facilities.)
[5] A.C.A. § 26-73-111(d)(2) (Supp. 2011).
[6]
Amendment 7, codified at Ark. Const. art. 5, § 1, establishes the people's power of initiative and referendum, that is, the power to initiate, i.e., propose legislation in the first instance, and the power to order an election on a measure that has been passed by either the state or local legislative body. The Code sections referenced in your question — A.C.A. §§ 14-14-914 and -915 — are part of the general laws enacted pursuant to Amendment 7 providing for the exercise of the initiative and referendum as to counties. See Ark. Const. art. 5, § 1 (under "Local Petitions").
In a case involving an initiative petition to reduce an existing countywide sales and use tax, the Arkansas Supreme Court framed the issue as "whether the measure's proponents are entitled to invoke the direct initiative process." Stilley v. Henson,342 Ark. 346, 352, 28 S.W.3d 274 (2000).
[7]
Ark. Const. art. 5, § 1 ("Local for Municipalities and Counties").Stilley v. Henson, supra, n. 6.
[8] See Stilley v. Henson, supra, n. 6 (addressing the voters' right to initiate a reduction in the rate of an existing county sales and use tax levied under A.C.A. § 26-74-201 etseq.) It also bears noting that the power of counties and cities to authorize a tax on the sale of goods or services falls within the category of powers that require state delegation. See
A.C.A. §§ 14-14-806(1) (Repl. 1998) and14-43-606(a) (Repl. 1998).
[9] E.g., A.C.A. §§ 26-74-207 (Repl. 2008) (countywide sales and use tax, which may be levied for general purposes);26-75-207 (Supp. 2011) (same regarding city sales and use tax).
[10]
A.C.A. § 26-73-112(b) (Supp. 2011) (emphasis added).
[11] These taxes can also be approved for specific uses, including the financing of capital improvements. See, e.g., A.C.A. §§ 26-74-204 and -208 (county sales and use tax);26-75-204 and -208 (city sales and use tax).
[12] See generally Hall v. Ragland, Comm'r of Revenues,276 Ark. 350, 635 S.W.2d 228 (1982) (recognizing the general validity of such statutes).
[13] Byrd. v. Short,228 Ark. 369, 371, 307 S.W.2d 871 (1957) (citing Howard v. Stateex rel. Stuckey, 223 Ark. 634, 267 S.W.2d 763).
[14] Howard, supra n. 13, 223 Ark. at 636.
[15] See
Acts 1999, No. 1357, § 1 (codified at A.C.A. § 26-74-207(b) (Repl. 2008)).
[16] See
Acts 2007, No. 116, § 2 (codified at A.C.A. § 26-75-207(b) (Supp. 2011)).
[17] These statutes are the codification of Act 200 of 1991.
[18] I am referring to the exception with respect to distributing the tax ("except that the proceeds . . . shall not be distributed on a per capita basis. . . .") *Page 1