Cite as 2022 Ark. App. 98

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-21-56

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES, DIVISION OF MEDICAL SERVICES<br><br>APPELLANT<br><br>V.<br><br>NORTHWEST HEALTH SYSTEM<br>APPELLEE | Opinion Delivered March 2, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60CV-20-3620]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

The Arkansas Department of Human Services, Division of Medical Services (DHS) appeals the Pulaski County Circuit Court order dismissing its petition for review of a decision by the Arkansas Department of Health, Office of Medicaid Provider Appeals (DOH) entered in favor of Northwest Health System (Northwest). On appeal, DHS argues that the circuit court erred by finding that it failed to properly serve both DOH and NHS with the petition for review in accordance with the Administrative Procedure Act (APA)[1] and Arkansas Rule of Civil Procedure 5. We affirm.

---

[1]The APA is codified at Arkansas Code Annotated §§ 25-15-201 to -218 (Repl. 2014 & Supp. 2021).

DHS administers the Arkansas Medicaid Program. Northwest is enrolled to provide medical-care services authorized under Medicaid. The Medicaid Fairness Act[2] designates DOH as the agency to conduct all Medicaid provider[3] administrative appeals of adverse decisions. *See* Ark Code Ann. § 20-77-1704(b)(1)(C).

On May 29, 2020, a DOH administrative law judge (ALJ) issued findings of fact and conclusions of law reversing DHS's denial of reimbursement of inpatient psychiatric-hospitalization costs to Northwest for Medicaid beneficiary, H.K. On June 25, DHS filed a petition for review of the DOH decision pursuant to the APA in the Pulaski County Circuit Court.

On July 23, DHS emailed the ALJ "requesting the record for case 20190449. We need to file the record by August 19, 2020. Thank you." On July 24, DHS filed proof that it had served Northwest's registered agent by certified mail on July 20.

On August 3 at 8:13 a.m., DHS again emailed the ALJ and stated,

> Pursuant to Arkansas Code Annotated section 25-15-212, DHS requests that the entire record, including the transcripts of the testimony, be prepared for filing in the circuit court. Please advise me when the record is ready for filing, and I will pick it up. DHS is required to file the record on or before August 19, 2020.

---

[2]The Medicaid Fairness Act is codified at Arkansas Code Annotated §§ 20-77-1701 to -1718 (Repl. 2014).

[3]The Medicaid Fairness Act defines provider as "a person enrolled to provide health or medical care services or goods authorized under the Arkansas Medicaid Program." Ark Code Ann. § 20-77-1702(15).

On August 3 at 8:33 a.m., the ALJ responded to DHS and added Northwest's counsel as a recipient. The ALJ stated,

> I did not see [the] previous email on the 23rd, so your email, which I saw for the first time this morning made me aware for the first time that this appeal had been filed. I looked on the eflex system and it appears the appeal was filed by you on June 25. I do not know why approximately one month went by before DHS notified us of the appeal.
>
> In any event, it is doubtful that we will be able to have the record prepared by August 19. We will do the best we can under the circumstances.

On August 3 at 10:25 a.m., Northwest's counsel responded, "[W]e did not receive it on time either." On August 3 at 12:04 p.m., DHS responded to both Northwest and the ALJ and stated in part as follows:

> DHS served the petition on [Northwest's] registered agent on July 20, 2020, as required by Rule 4 of the Arkansas Rules of Civil Procedure, and DHS requested the record on July 23, 2020. Clearly, DHS filed its appeal timely, served [Northwest] as required, and requested the record shortly after service of the petition. . . . Given that Counsel appears to be unaware of the appeal, I have attached a courtesy copy to this email.
>
> Furthermore, as it appears that the record will not be completed by August 19th, I will seek an extension as allowed.

On August 7, DHS moved the circuit court for an extension of time until October 16 to file the administrative record. In its motion, DHS alleged that on July 23, it had asked DOH to prepare the record and that on August 3, DOH had informed the parties that it needed additional time to prepare the record due to its volume.

After DHS filed its motion on August 7, the ALJ emailed DHS concerning its request for an estimated date for the completion of the record. The ALJ included Northwest's

3

counsel as a recipient. The ALJ stated that he could not provide an estimated date of completion of the record, and he further stated,

> I noticed in your motion [to the circuit court] you stated that 'On Monday, August 3, 2020, [DOH] informed the parties that due to the volume of the record, it will need additional time for its preparation. The administrative hearing took approximately 7.5 hours to complete over multiple days.' I did not, in fact, tell you that we needed additional time due to the volume the record. The additional time is possibly needed because we were not informed of the appeal until a month after it was filed.

Thereafter, on August 11, Northwest moved to dismiss DHS's petition for review in the circuit court. Northwest argued that DHS had failed to serve the petition for review on both DOH and Northwest's counsel as required by the APA and Arkansas Rule of Civil Procedure 5. Northwest attached the email correspondence with DHS and the ALJ.

On August 17, the circuit court granted DHS an extension to file the record until October 16. On October 14, the administrative record was filed with the circuit court.

On October 26, the circuit court held a hearing on Northwest's motion to dismiss, and on November 2, the circuit court granted the motion and dismissed DHS's petition for review with prejudice. The court did not issue findings. DHS appealed the dismissal to this court.

On appeal, DHS argues that circuit court erred by dismissing its petition for review because (1) it properly served Northwest in accordance with Arkansas Rule of Civil Procedure 4, and (2) it was not required to serve the petition on DOH.

We first address DHS's argument that it was not required to serve the petition for review on DOH. DHS acknowledges that the APA requires an appealing party to serve a

4

petition for review on the agency rendering the decision and that it did not serve DOH with the petition in this case. However, DHS claims that it was not required to serve DOH because DHS is the agency that administers Medicaid, and DOH was acting on behalf of DHS. In other words, DHS asserts that the APA does not require DHS to serve itself. DHS additionally claims that even if the APA required it to serve DOH, the error was cured because the administrative record was timely filed.

The appellate courts review issues of statutory interpretation dev novo. *Dachs v. Hendrix*, 2009 Ark. 542, 354 S.W.3d 95. The basic rule of statutory construction is to give effect to the intent of the legislature. *Id.* Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* No word is left void, superfluous, or insignificant. *Id.* The appellate courts, however, will not engage in statutory interpretations that defy common sense and produce absurd results. *Id.*[4]

The APA provides that an appealing party has thirty days to appeal the agency's final decision by filing a petition for review in the Pulaski County Circuit Court or the circuit court of any county in which the petitioner resides or does business. Ark. Code Ann. § 25-15-212(b)(1). "Copies of the petition shall be served on the agency and all other parties of

---

[4]Under the APA, the appellate courts typically review DOH's decision rather than that of the circuit court; however, DOH's decision has not yet been reviewed by the circuit court. Instead, the circuit court dismissed the petition for lack of proper service. Thus, our review is limited to the circuit court's finding rather than DOH's decision. *See Ark. Beverage Retailers Ass'n, Inc. v. Moore*, 369 Ark. 498, 256 S.W.3d 488 (2007).

record in accordance with the Arkansas Rules of Civil Procedure." Ark. Code Ann. § 25-15-212(b)(2). Within thirty days after service of the petition or within such further time as the court may allow but not exceeding an aggregate of ninety days, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. Ark. Code Ann. § 25-15-212(d)(1). The APA defines agency as "a board, commission, department, officer, or other authority of the government of the State of Arkansas, whether within, or subject to review by, another agency, except the General Assembly, the courts, and the Governor." Ark. Code Ann. § 25-15-202(2)(A).

The Medicaid Fairness Act mandates that "[a]n administrative law judge employed by the Department of Health shall conduct all Medicaid provider administrative appeals of adverse decisions." Ark Code Ann. § 20-77-1704(b)(1)(C). DOH is a cabinet-level department separate from DHS and reports to the governor. Ark. Code Ann. § 25-43-104(a)(7)–(8) & (b) (Supp. 2021); *see also* Ark. Code Ann. § 25-43-801 (Supp. 2021).

In this case, we hold that the APA required DHS to serve its petition for review on DOH. The APA mandates that "[c]opies of the petition *shall* be served on the agency," Ark. Code Ann. § 25-15-212(b)(2) (emphasis added), and the APA defines agency as "a board, commission, department, officer, or other authority of the government of the State of Arkansas, whether within, or subject to review by another agency." Ark. Code Ann. § 25-15-202(2)(A). The Medical Fairness Act assigns DOH the duty to conduct Medicaid provider

administrative appeals, and DOH issued the decision in this case.[5] Further, service of the petition for review on the agency initiates the preparation of the record. Moreover, even though DHS filed the record within the extension granted by the circuit court, the timely filing does not relieve DHS of the APA's requirement to serve the agency with the petition.

Accordingly, we hold that the circuit court did not err by dismissing DHS's petition for review for its failure to serve DOH with the petition as required by the APA. Because we affirm the circuit court's dismissal as a result of DHS's failure to serve DOH, we need not address DHS's remaining argument concerning service on Northwest.

Affirmed.

HARRISON, C.J., and GLADWIN, J., agree.

*David Warford*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *James M. Simpson* and *Kimberly D. Young*, for appellee.

---

[5]In its brief, DHS repeatedly relies on this court's decision in *Odyssey Healthcare Operating A. LP v. Arkansas Department of Human Services*, 2015 Ark. App. 459, 469 S.W.3d 381, to discuss the relationship between DOH and DHS. However, in *Odyssey*, we addressed subject-matter jurisdiction. *See id.*