Cite as 2025 Ark. App. 572

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-24-561

| | |
|---|---|
| OAK TRUCK LINES, LLC<br>APPELLANT<br><br>V.<br><br>ARCAP ENVIRONMENTAL, LLC<br>APPELLEE | Opinion Delivered December 3, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-23-7454]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REVERSED AND DISMISSED |

**RAYMOND R. ABRAMSON, Judge**

Appellant Oak Truck Lines, LLC (Oak Truck), appeals from two orders of the Pulaski County Circuit Court that denied Oak Truck's motion to set aside the default judgment and its motion to dismiss. On appeal, Oak Truck argues that the circuit court erred in denying its motions. Specifically, Oak Truck argues that service was not perfected by ARCAP Environmental, LLC (ARCAP). We reverse and dismiss.

I. *Background*

On September 29, 2023, ARCAP filed a complaint alleging a single claim of unjust enrichment against Oak Truck. It is undisputed that ARCAP served three copies of the process on the secretary of state, notified the secretary of the state that service was being effectuated pursuant to Arkansas's long-arm statute, and paid the required sum of twenty-

five dollars as required by Arkansas Code Annotated section 16-58-120(b)(2)(A) (Repl. 2005). ARCAP directed the summons to "OAK TRUCK LINES JOSE A. LOPEZ, RA." The secretary of state provided a letter confirming to ARCAP that service on Oak Truck was "considered served with the enclosed documents" on October 5, 2023.

On November 20, 2023, ARCAP moved for default judgment against Oak Truck, arguing that Oak Truck did not answer ARCAP's complaint in a timely manner. A hearing on this motion was held on January 8, 2024. At the hearing, Charles Tankersley, the president and owner of ARCAP, testified that Oak Truck had failed to pay ARCAP $92,565.96. Additionally, counsel for ARCAP requested $6,300 for attorneys' fees on the case. On January 9, 2024, the circuit court granted ARCAP's motion for a default judgment and entered an order finding Oak Truck liable to ARCAP for damages, costs, and attorneys' fees.

On March 26, 2024, Oak Truck moved to set aside the default judgment, alleging that service was not perfected. Specifically, Oak Truck argued that ARCAP had failed to send Oak Truck a notice of the service and a copy of the process by certified mail and had failed to file proof of mailing service with the clerk of the court as required by Arkansas Code Annotated section 16-58-120(b)(2)(B). Oak Truck also argued that service was defective because the summons in question was directed to "OAK TRUCK LINES JOSE A. LOPEZ, RA" instead of "Oak Truck Lines, LLC." On the same day, Oak Truck also filed a motion to dismiss arguing that the original service was defective, more than 120 days had passed

2

since the complaint was filed, and ARCAP did not request an extension before the expiration of the 120 days.

On April 3, 2024, ARCAP responded to both motions, arguing that service was perfected. Specifically, ARCAP argued that the service requirements in Arkansas Code Annotated section 16-58-120(b)(2)(B) applied only to defendants who were former residents, and not defendants, like Oak Truck, that never resided in Arkansas. Accordingly, ARCAP asserted it was not required to send notice to Oak Truck by certified mail nor provide proof that such was sent. Absent this requirement, ARCAP alleges that service was not defective, and the circuit court did not err when it granted ARCAP's motion for default judgment.

On May 8, 2024, the circuit court denied both of Oak Truck's motions. On June 6, 2024, Oak Truck timely filed the instant appeal.

## II. *Standard of Review*

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick,* GMC Co., 353 Ark. 701, 120 S.W.3d 525 (2003). Our case law is equally well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *Id.* The supreme court has held that the same reasoning applies to service requirements imposed by court rules. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). More particularly, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly, and compliance with those requirements must be exact. *Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355

3

(1996). Our service rules place an extremely heavy burden on the plaintiff to demonstrate that compliance with our rules has been had. *Williams v. Stant U.S.A. Corp.*, 2015 Ark. App. 180, 458 S.W.3d 755.

### III. *Service*

The main point of contention on appeal is whether service on Oak Truck was perfected. Oak Truck alleges that service was not perfected because ARCAP did not send notice of service and a copy of process by certified mail to Oak Truck as required by Arkansas Code Annotated section 16-58-120(b)(2)(B).

As a preliminary note, ARCAP alleges that Oak Truck failed to preserve for appeal its arguments regarding service by obtaining specific rulings below. On March 26, 2024, Oak Truck filed two motions that presented the same arguments that it has brought on appeal. On May 8, 2024, the circuit court entered two blanket denial orders of Oak Truck's motions. ARCAP is mistaken. This court has held that "if the circuit court's order is more in the nature of a "blanket" decision and does not articulate a particular basis for its ruling, then the order encompasses all of the issues presented to the circuit court in the parties' briefs and arguments." *Sloop v. Kiker*, 2016 Ark. App. 125, at 4, 484 S.W.3d 696, 699; *see generally Ark. Dep't of Hum. Servs. v. Ft. Smith Sch. Dist.*, 2015 Ark. 81, 455 S.W.3d 294; *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119 (citing *Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49). Accordingly, Oak Truck has preserved its arguments for appeal.

As for whether service was perfected on Oak Truck, Arkansas's long-arm statute, codified at Arkansas Code Annotated section 16-58-120, requires the following to perfect service:

(b)(2)(A) Service of the process shall be made by:

(i) Serving three (3) copies of the process on the Secretary of State;

(ii) Notifying the Secretary of State that service is being effected pursuant to this subsection; and

(iii) Paying the Secretary of State the sum of twenty-five dollars ($25.00).

(B) Such service shall be sufficient service upon the nonresident person or any resident person who has subsequently absented himself or herself physically from the state or upon the executor, administrator, or other legal representative of his or her estate, in case he or she has since died, if notice of the service and a copy of the process are forthwith sent by certified mail by the plaintiff or his or her attorney to the defendant at his or her last known address or to the administrator, executor, or other legal representative of the estate in case the person has died, and the defendant's return receipt or the return receipt of the administrator, executor, or other legal representative of the estate of the deceased person is attached to the writ of process and entered and filed in the office of the clerk of the court in which such cases are brought.

Ark. Code Ann. § 16-58-120(b)(2). This court has previously held that "appellant's reliance on the Secretary of State to send service by certified mail is sufficient only if notice of the service and a copy of the process are sent by certified mail by the plaintiff or his attorney to the defendant at his last known address." *Eliasnik v. Y&S Pine Bluff, LLC*, 2018 Ark. App. 138, at 16, 546 S.W.3d 497, 506 (citing Ark. Code Ann. § 16-58-120(b)(2)(B)).

ARCAP concedes that it did not adhere to section 16-58-120(b)(2)(B) when it served Oak Truck. Rather, ARCAP argues that subdivision (b)(2)(B) applies only to "any resident

person who has subsequently absented himself or herself physically from the state." As support, ARCAP argues that words following the disjunctive "or" cannot apply to the "resident person" that exists prior to the "or." ARCAP further argues that if the drafters wanted subdivision (b)(2)(B) to apply to "any resident person who has subsequently absented himself or herself physically from the state" the drafters would have changed the "or" to an "and."

In order to resolve this issue, we must employ the rules of statutory construction. The basic rule of statutory construction is to give effect to the intent of the legislature. *Dachs v. Hendrix*, 2009 Ark. 542, 354 S.W.3d 95. When the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We review issues involving statutory interpretation de novo on appeal. *Moore v. Moore*, 2016 Ark. 105, 486 S.W.3d 766. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Andreasen v. S. Mountain Ests. Prop. Owners Ass'n*, 2018 Ark. App. 530, at 7, 564 S.W.3d 262, 266. We strive to reconcile statutory provisions relating to the same subject to make them sensible, consistent, and harmonious. *Weisenbach v. Kirk*, 104 Ark. App. 245, 251, 290 S.W.3d 614, 618.

The plain reading of section 16-58-120(b)(2)(B) shows that the disjunctive "or" was meant to separate "nonresident person" and "any resident person who has subsequently

absented himself or herself physically from the state." One cannot be both a "nonresident person" and "any resident person who has subsequently absented himself or herself physically from the state." Accordingly, these two entities could only be separated by an "or." Therefore, the plain reading of the statute required ARCAP to send to Oak Truck, by certified mail, notice of service and a copy of the process to perfect service. ARCAP does not dispute that this did not occur. Thus, ARCAP failed to perfect service against Oak Truck.[1]

IV. *Motion to Set Aside Default Judgment & Motion to Dismiss*

Our standard of review for an order denying a motion to set aside a default judgment depends on which grounds the appellant claims the default judgment should be set aside. *Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672. When an appellant claims that the default judgment is void, we conduct a de novo review and give no deference to the circuit court's ruling because the matter on appeal is a question of law. *Glover v. Glover*, 2020 Ark. App. 89, 595 S.W.3d 54. In all other challenges to the denial of a motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.* Oak Truck argues that the default judgment is void; therefore, our review is de novo.

As discussed, service was not properly perfected on Oak Truck. Service was the only ground that ARCAP relied on to justify its motion for default judgment. Pursuant to Ark. R. Civ. P. 4(i), it is mandatory for the circuit court to dismiss the action without prejudice if

---

[1]Because we determine that service was not proper, we do not address whether ARCAP's issuing the summons to "OAK TRUCK LINES LLC, JOSE A LOPEZ, RA" rendered the summons invalid.

7

service is not made within 120 days of filing the complaint and no motion to extend is timely made. *Wine v. Chandler*, 2020 Ark. App. 412, at 9–10, 607 S.W.3d 522, 528. As previously held, service was not perfected, and 120 days have passed since the filing of the complaint. The circuit court abused its discretion when it denied Oak Truck's motion to dismiss and its motion to set aside default judgment. Accordingly, we reverse and dismiss without prejudice. Ark. R. Civ. P. 4(i)(1); *see also Jones v. Douglas*, 2016 Ark. 166, at 7–8, 489 S.W.3d 648, 653.

Reversed and dismissed.

THYER and MURPHY, JJ., agree.

*Gill Ragon Owen, P.A.*, by: *Aaron M. Heffington* and *Matthew B. Finch*, for appellant.

*James, House, Swann & Downing, P.A.*, by: *Zachary D. Wilson, Jr.*, *Brandon C. Cathey*, and *Richard C. Downing*, for appellee.