HUDSON COUNTY CIRCUIT COURT.

ESTHER SCHWARZ, ADMINISTRATRIX AD PROSEQUEN-DUM OF THE ESTATE OF JOHN SCHWARZ, DECEASED, PLAINTIFF, v. PUBLIC SERVICE TRANSPORTATION COMPANY, A CORPORATION, DEFENDANT.

For the plaintiff, *Platoff, Saperstein & Platoff*.

For the defendant, *Henry H. Fryling* (*James J. Higgins*, of counsel).

ACKERSON, J. This action was instituted by Esther Schwarz, as administratrix *ad prosequendum* of the estate of John Schwarz, deceased, on January 25th, 1928, alleging a cause of action under the "Death act." 1 *Cum. Supp. Comp. Stat., p.* 928.

Application is now made for an order admitting her in the capacity of general administratrix of the estate of John Schwarz, deceased, as an additional party plaintiff in this action, and permitting the complaint to be amended by adding an additional count by such general administratrix, to recover damages alleged to have accrued to the estate of said deceased by reason of pain and suffering sustained and medical and hospital expenses incurred by him between the time of his injury and his death.

It appears from a copy of the proposed amended complaint annexed to the notice of motion, or was conceded at the argument, that on May 11th, 1927, the said John Schwarz, then four years of age, was injured in a collision with defendant's auto-bus from which injuries he died a few hours later on the same day. Although said Esther Schwarz was appointed administrtrix *ad prosequendum* as aforesaid, on January 23d, 1928, she was not appointed general administratrix of said infant's estate until October 22d, 1929, more than two years after the death of said John Schwarz.

The defendant, therefore, resists this motion upon the ground that the cause of action sought to be litigated through the medium of the proposed amendment is barred by sections 3 and 4 of the Statute of Limitations (3 *Comp. Stat., p.* 3164), which provide as follows:

"3. Two years limitations. Every action upon the case for words shall be commenced and sued within two years next after the words spoken and not after, and that all actions hereafter accruing for injuries to persons caused by wrongful act, neglect or default of any person or persons, firm or firms, individual or individuals, corporation or corporations within this state, shall be commenced and instituted within two years next after the cause of such action shall have accrued and not after. *Rev.* 1877, *p.* 594, as amended *Pamph. L.* 1896, *p.* 119.

4. Disabilities. That if any person or·persons who is, are, or shall be entitled to any of the actions specified in the three preceding sections of this act, is, are, or shall be, at the time of any such cause of action accruing, within the age of twenty-one years, or insane, that then such person or persons shall be at liberty to bring the said action so as he, she, or they institute or take the same within such time as is before limited after his, her, or their coming to or being of full age, or of sane memory, as by other person or persons having no such impediment might be done. *Rev.* 1877, *p.* 594."

Assuming, but not deciding, because the point is not raised or argued by counsel, that a new party plaintiff with a different cause of action than that set forth in the original complaint, may, without consent of the defendant, be joined therein by amendment, the real question raised by this motion is whether the cause of action for the damages alleged to have been sustained by the infant, John Schwarz, between the time of his injury and his death, is barred after two years from his death or after two years from the appointment of the general administratrix for his estate.

It seems to me that the proper answer to this question depends upon whether the cause of action accrued before or after the death of said minor.

There seems to be authority in this state and elsewhere for the proposition that in all cases "where the cause of action did not exist during the life of the party, and came into existence subsequent to the party's death, the statute does not begin to run until the appointment of a representative." *Stevenson* v. *Markley,* 72 *N. J. Eq.* 686 (at *p.* 695) ; 24 *C. J.* 772, § 1915. The reason alleged for this rule is that no cause of action can originate in behalf of a personal representative until he comes into existence as such. But the principle of the foregoing rule, if sound, is not applicable to the case *sub judice,* because the injury, which is the subject of the present claim, was sustained several hours before the death of the infant, and it is definitely settled in this state that under such circumstances the cause of action accrued to the infant immediately upon the happening of the accident. *Gillette* v. *Dela-*

*ware, Lackawanna and Western Railroad Co.,* 91 *N. J. L.* 220. In speaking of the infant's rights in the case last cited, the court said:

"He may bring his suit at once notwithstanding his minority. It is true that the suit must be prosecuted by guardian or next friend (Practice act of 1903, section 18), but it is not necessary that a next friend be appointed before suit begins; on the contrary, process may be sued out before the next friend is appointed. * * * Consequently, there was nothing to prevent the plaintiff's taking out a summons the day after he was injured. His cause of action had accrued, for he was in a position to assert it in a court of law." *Grabert* v. *Central Railroad Co.,* 91 *N. J. L.* 604.

Since the cause of action, to cover which this amendment is sought, accrued to the infant, John Schwarz, during his lifetime, did his death, before reaching his majority, remove the disability against the operation of the statute of limitations provided for in section 4 of said statute above quoted?

In the case of an adult who dies after the accrual of a cause of action in his favor, "it is well settled that his death does not interrupt the running of the statute of limitations, because in such case there is in existence a person capable of suing" when the cause of action arose. 37 *C. J.* 1034, § 443; 24 *Id.* 772, § 1914; *Dekay* v. *Darrah,* 14 *N. J. L.* 288 (at *p.* 296). Upon an adult's death his claim for damages, as personal property, passes to his legal representative. It is also true that upon the death of an infant, his existing claim for damages passes to his legal representative, and surely an administrator for the estate of a minor is appointed as readily as in the case of an adult. There is no reason whatever, why the next of kin of a minor should be favored over those of an adult under such circumstances. In either case they may apply for the appointment of an administrator almost immediately after the death of the principal. If an adult dies within a week of the end of the statutory period, his personal representative does not have any extension of time in which to bring suit beyond the time remaining of the statutory period, and the fact that the personal representative is ig-

norant of the existence of the cause of action does not affect the rule. 24 *C. J.* 772, § 1914, and yet even under the strict construction of sections 3 and 4 of the statute as contended for by the defendant, the personal representative of an infant would have two years from his death in which to institute suit for personal injury to such infant. Why then should such next of kin have any further time than that expressly given by the statute. They would have just as much opportunity to know or learn of a cause of action which had accrued in favor of the deceased infant in his lifetime, as would the next of kin of an adult, and probably more.

Every practical consideration which would lead to the imposition of any period of limitation, in cases such as this, would require that the period should extend for two years from the definitely ascertained time of death rather than from the uncertain time of the appointment of an administrator. No reason appears, if plaintiff's contention is adopted, why the time might not be extended indefinitely by failure to apply for administration. The only persons who can procure the appointment of an administrator are ordinarily spouse, next of kin, or creditors of the decedent. Certainly the wrongdoer would have no standing to make the application. The very purpose of a period of limitation is that there may be, at some definitely ascertained period, an end to litigation. If the persons who are the beneficiaries of a right of action may choose their own time for applying for the appointment of an administrator and consequently for setting the statute running, the two-year period of limitation, so far as it applies to situations such as here presented, might as well have been omitted from the statute. The statute is one of repose. As was said in the case of *Dekay* v. *Darrah, supra* (at *p.* 295):

"The object the legislature had in view, was not to give time, but to restrict and limit the period within which suits should be brought. * * * The party should not be aided at all by equitable considerations, inasmuch as the universality of mankind is more the object of the purview than individuals; that is to say, it respects the peace of all men in gen-

eral more than the advantage of infants or other private persons."

It seems to me, in view of the purpose of the statute of limitations, that a saving clause in favor of infants and insane persons, should not be extended beyond the plain requirements of their disability, so as to protect indefinitely persons who are not in need of such protection.

While there is no case in this state so nearly in point as to be controlling, nevertheless, I believe that reason and sound policy require me to hold that where a cause of action accrues to an infant, who later dies before reaching his majority, that the disability protected by section 4 of our statute of limitations is removed by the infant's death, and that his representative must bring suit on such cause of action, within the period limited after his death. 37 *C. J.* 1037, § 445, and cases cited.

Before concluding I feel that I should refer to a statement appearing in *Gillette* v. *Delaware, Lackawanna and Western Railroad Co., supra,* as follows:

"In the case of fatal injury and suit by a representative, it has been held that the cause of action did not accrue until the representative was appointed," citing *American Railroad Co.* v. *Coronas,* 230 *Fed. Rep.* 545. This reference is very misleading, because it refers to a cause of action arising under the Federal Employers' Liability act, which act fixes its own period of limitation, and more particularly because the cited case has been directly overruled by the United States Supreme Court in *Reading Co.* v. *Koons, Adm.,* 271 *U. S.* 58, and is no longer authority for the proposition stated.

For the reasons already stated, the plaintiff's motion to amend her complaint will be denied without costs.