NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-3361-20
                A-3362-20
                A-3363-20

SHENISE MONK and JORDI
WILSON, on behalf of their
minor son, J.W.,

      Plaintiffs-Respondents,

v.

KENNEDY UNIVERSITY
HOSPITAL, INC., d/b/a
JEFFERSON HEALTH[1],
SOPHIA VOGIATZIDAKIS, D.O.,
TOMAS ROTSCHILD, M.D.,
and LLOYD TINIANOW, M.D.,

      Defendants-Appellants,

and

STEPHAN HOSMER, D.O.,
SUSAN JANECZEK, D.O., and
KEITH WILLIAMS, D.O.,

      Defendants-Respondents.

_____

APPROVED FOR PUBLICATION

July 14, 2022

APPELLATE DIVISION

Argued May 3, 2022 – Decided July 14, 2022

---

[1]   Improperly pled as KENNEDY UNIVERSITY HOSPITAL, INC. AND
KENNEDY UNIVERSITY HOSPITALS MATERNAL FETAL MEDICINE.

Before Judges Fisher, Smith and Berdote Byrne.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3527-20.

Walter F. Kawalec, III argued the cause for appellants Tomas Rotschild, M.D. and Lloyd Tinianow, M.D. (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; Walter F. Kawalec, III, on the briefs).

Andrew S. Winegar argued the cause for appellant Kennedy University Hospital, Inc. (Parker McCay, PA, attorneys; Thomas M. Walsh and Andrew S. Winegar, on the briefs).

Paul E. Peel argued the cause for appellant Sophia Vogiatzidakis, D.O. (O'Brien & Ryan, LLP, attorneys; Anthony DeMichele, Jaime N. Johnson and Paul E. Peel, on the brief).

Michael C. Pacholski argued the cause for respondent Stephan Hosmer, D.O. (Stahl & DeLaurentis, PC, attorneys, join in the briefs of appellants Tomas Rotschild, M.D., Lloyd Tinianow, M.D., Kennedy University Hospital, Inc. and Sophia Vogiatzidakis, D.O.).

Elizabeth A. Crawford argued the cause for respondents Shenise Monk and Jordi Wilson (Kline & Specter, attorneys; Elizabeth A. Crawford and Michelle A. Paznokas, on the briefs).

The opinion of the court was delivered by

BERDOTE BYRNE, J.S.C. (temporarily assigned).

2

In these three consolidated interlocutory appeals, we consider whether the trial court erred in denying summary judgment to defendants, who moved to dismiss plaintiffs' complaint as untimely because it was filed four and a half years after decedent's death. Plaintiffs, Shenise Monk and Jordi Wilson, parents of J.W., filed a complaint on behalf of their son seeking damages stemming from J.W.'s death at age six months. The trial court allowed the action to proceed by applying the minority tolling provision found in N.J.S.A. 2A:14-2(a). We find minority tolling applies only to actions brought on behalf of minors, and not to actions brought on behalf of decedents or their estates. The causes of action available to plaintiffs were limited to wrongful death and survival claims, each of which applies a two-year statute of limitations. We vacate the orders denying summary judgment but remand the matters to the trial court because it did not address plaintiffs' alternative argument that they had substantially complied with these statutes of limitations.

Monk became pregnant with J.W. in the early fall of 2015, after a significant history of documented pre-term deliveries and prior miscarriages. Between November 3, 2015, and January 4, 2016, Monk received prenatal care from various defendants. When she was approximately twenty-four weeks pregnant, Monk was admitted to Kennedy University Hospital (Kennedy) with complaints of cramping. She was discharged on January 5, 2016, but later that

3

morning began to experience the onset of labor and was readmitted to Kennedy, where J.W. was delivered by emergency cesarean section. J.W. was admitted to the neonatal intensive care unit then transferred to Children's Hospital of Philadelphia, where he remained for six months until he passed away on July 10, 2016.

More than four years later, on October 26, 2020, plaintiffs sued Kennedy, Stephan Hosmer, Susan Janeczek, Keith Williams, Sophia Vogiatzidakis, Tomas Rotschild, and Lloyd Tinianow, alleging that negligence in Monk's and J.W.'s care resulted in J.W.'s death. The five-count complaint alleged medical malpractice, negligence, corporate negligence, and a claim pursuant to the Wrongful Death Act, N.J.S.A. 2A:31-4. Although the complaint alleged negligence and medical malpractice regarding both Monk's prenatal care and J.W.'s delivery and care at Kennedy, on appeal plaintiffs concede "[t]he instant matter is being brought on behalf of [m]inor plaintiff only."

Defendants moved for summary judgment, arguing plaintiffs' claims were time-barred by the two-year statutes of limitations for wrongful death and survival claims. The trial court denied the motions, concluding N.J.S.A. 2A:14-2(a) allows minors to file medical malpractice claims resulting from injuries at birth until the minor is thirteen "or would have been thirteen" but for the child's death, stating "the Legislature . . . certainly didn't make it crystal clear that when

4

the statute was amended twenty years ago for medical malpractice at birth cases that they intended to" make a distinction between minors who died and minors who survived.  The trial court concluded the statutes of limitations were tolled until July 10, 2029, the date J.W. would have become thirteen years old had he not died.  The court did not address plaintiffs' alternative argument that they had substantially complied with a two-year limitations period.  We granted leave to appeal.

We review a grant or denial of a motion for summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).  Rule 4:46-2(c) provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).

Pursuant to the Survival Act, any cause of action a potential plaintiff had during his or her lifetime survives the decedent's death and the executor or administrator of the decedent's estate may sue on that action.  See N.J.S.A.

5

2A:15-3. A wrongful death action may also result from that death and a claim must be brought "in the name of an administrator ad prosequendum or administrator of the decedent for whose death damages are sought . . . ." N.J.S.A. 2A:31-2(a).

The statute of limitations for both a wrongful death and survival action is two years. Plaintiffs argue the complaint was brought "on behalf of minor plaintiff only" and "there are no separate claims for his parents." Therefore, they argue, and the trial court concluded, the minority tolling provision of N.J.S.A. 2A:14-2(a) applies to render the complaint timely filed.

"The goal in statutory interpretation is 'to discern and effectuate the intent of the Legislature.'" L.A. v. N.J. Div. of Youth & Fam. Servs., 217 N.J. 311, 324 (2014) (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)). Courts look first to the plain language of a statute; if the language is clear as to the statute's meaning, the court must enforce the statute in accordance with its terms. Ibid. "However, '[i]f the plain language of a statute is ambiguous or open to more than one plausible meaning,' the court may look to sources of extrinsic evidence such as legislative history for assistance in determining legislative intent." Ibid. (quoting State v. Marquez, 202 N.J. 485, 500 (2010)).

Decedent was not alive when the complaint was filed. N.J.S.A. 2A:14-2(a) does not apply because that statute allows only "an action by or on behalf

6

of a minor."  The word "minor" denotes a living human being: "an infant or person who is under the age of legal competence."  Black's Law Dictionary 1193 (11th ed. 2019).[2]  Because the child was deceased at the time of the filing of the complaint, plaintiffs' remedies were limited to actions on behalf of the minor's estate and actions by the beneficiaries of that estate, through the Survival Act and wrongful death statutes.  Warren v. Muenzen, 448 N.J. Super. 52, 63 (App. Div. 2016) ("[A]ctions under the WDA and the Survivor Act arise from the identical occurrence, i.e. the death of the plaintiff . . . .").  Plaintiffs' continual use of the phrase "minor plaintiff" is inappropriate as that term has no application to a deceased individual, who has no standing of his own to sue.  See, e.g., In Re Baby T, 160 N.J. 332, 340 (1999) ("Standing generally refers to the plaintiff's entitlement to bring and maintain a suit, which rests on the party's stake in the outcome of the litigation . . . .").  Because J.W. tragically died at six months of age, he had no stake in the outcome of the litigation at the time the complaint was filed.

---

[2]  New Jersey statutes generally compare minors to individuals who have reached the age of majority, noting the disaffirming effect minority has on the ability to transact, contract, or participate in certain enumerated activities.  See, e.g., N.J.S.A. 9:17B-1 to -4 (the age of majority statute, which governs legal capacity to contract, sue and be sued, serve on juries, marry, and adopt children; and disallowing minors from participating in those activities); N.J.S.A. 46:38A-2 (governing transfers to minors, defined as "an individual who has not attained the age of 21.").

A-3361-20

The Legislature specifically addressed liability for acts that occurred to a person who has died when it drafted the Wrongful Death Act and plainly intended all wrongful death cases be filed within two years of a decedent's death. Because the Act is limited in its application to those already deceased, had the Legislature intended to apply minority tolling to claims brought on behalf of deceased minors, it would have stated so explicitly. It did not, and it is not the province of this court to add, as plaintiffs urge, minority tolling to the Act's language. Nothing in the plain meaning of the statute suggests the Legislature intended minority tolling to apply to minor decedents.

Plaintiffs cite to LaFage v. Jani, 166 N.J. 412 (2001), to assert minority tolling applies to wrongful death claims. Plaintiffs' reliance is misplaced as the facts of LaFage are inapposite. LaFage involved an untimely wrongful death suit brought on behalf of minors, two years and twenty-eight days after the death of their parent. The Supreme Court applied minority tolling to the claim brought on behalf of the minors, not the decedent. Nothing in LaFage suggests minority tolling applies to a claim brought on behalf of a deceased minor.

Decedent died on July 10, 2016, and any wrongful death claim he may have possessed during his lifetime passed to his beneficiaries. Plaintiffs' recourse to seek damages for decedent's wrongful death must have been filed by

8

July 10, 2018.  As the complaint was filed on October 26, 2020, the action is time-barred.

The limitations period governing a survival claim varies according to the statute of limitations applied to the underlying action.  Plaintiffs' underlying claims sound in negligence and malpractice.  In general, personal injury claims are subject to a two-year statute of limitations.  N.J.S.A. 2A:14-2(a).  But New Jersey law has long provided for "statutory tolling for minors for . . . 'personal injuries.'"  LaFage, 166 N.J. at 424.  N.J.S.A. 2A:14-21 provides if a person entitled to bring an action subject to N.J.S.A. 2A:14-2 or certain other sections is under eighteen years old or mentally disabled at the time the action accrues, "the person may commence the action . . . within the time as limited by those statutes, after reaching majority or having the mental capacity to pursue the person's lawful rights."  N.J.S.A. 2A:14-21.  "The purpose of tolling the statute of limitations for minors is to 'protect minors who presumably are not well-versed in legal . . . matters, from the adverse consequences of their inexperience.'"  LaFage, 166 N.J. at 430 (quoting Green v. Auerbach Chevrolet Corp., 127 N.J. 591, 600 (1992)).

In 2004, the Legislature amended N.J.S.A. 2A:14-2 and N.J.S.A. 2A:14-21 to limit minority tolling in cases of medical malpractice, only for injuries

9

sustained at birth, to age thirteen, not age eighteen. N.J.S.A. 2A:14-2 states in full:

> a. Except as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued; except that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth shall be commenced prior to the minor's 13th birthday.
>
> b. In the event that an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth is not commenced by the minor's parent or guardian prior to the minor's 12th birthday, the minor or a person 18 years of age or older designated by the minor to act on the minor's behalf may commence such an action. For this purpose, the minor or designated person may petition the court for the appointment of a guardian ad litem to act on the minor's behalf.

As amended, N.J.S.A. 2A:14-21 now concludes: "[n]otwithstanding the provisions of this section to the contrary, an action by or on behalf of a minor that has accrued for medical malpractice for injuries sustained at birth shall be commenced prior to the minor's 13th birthday, as provided in N.J.S.[A.] 2A:14-2."

The parties all argue application of the minority tolling provision of N.J.S.A. 2A:14-2(a) to a deceased minor's claim turns on the meaning of the phrase "prior to the minor's 13th birthday." Defendants contend the term

10

"birthday" excludes decedent, arguing that only living people have birthdays. Plaintiffs, and the trial court, posit that birthdays are often socially acknowledged and celebrated for famous persons and family members who have passed away. We disagree with the trial court and refrain from inferring broader meaning to the Legislature's words. The plain legal meaning of "minor's 13th birthday," particularly as informed by the purpose of the tolling statute as set forth in LaFage – to protect minors from their inexperience – underscores the Legislature's intent that only living minors have birthdays.[3] We reach the same conclusion because "minor" is defined as limited to living beings: minority tolling applies only to actions brought "by or on behalf of minors," not actions brought on behalf of decedents or their estates.

Furthermore, the concept of minority tolling has no logical application to a decedent's claims, even where the decedent was a minor when he or she passed away. The purpose of minority tolling is to preserve claims until the minor

---

[3] Examining similarly-worded statutes, courts in other jurisdictions have rejected arguments that "birthday" as used in such statutes referred to the anniversary of a deceased minor's birth. In Dachs v. Hendrix, 354 S.W.3d 95, 100 (Ark. 2009) (quoting Ark. Code Ann. § 16-114-203(c)(1)), for example, the Supreme Court of Arkansas determined that a minority tolling provision -- which gave a minor "until the later of the minor's eleventh birthday or two (2) years from the act, omission, or failure in which to commence an action" for medical malpractice -- was inapplicable, reasoning that "[t]he tragic reality of this case is that [the decedent] was stillborn and will not have an eleventh birthday."

11

achieves sufficient maturity to be held accountable for the assertion of legal rights, a circumstance that ceases to exist once a minor dies. The extent of damages resulting from alleged negligence is often unknowable for minors, whose mental, physical, and emotional growth may continue for years after the incident giving rise to the claim. In contrast, the extent of damages resulting from negligence is fully ripe and quantifiable in a decedent.

Schwarz v. Pub. Serv. Transp. Co., 8 N.J. Misc. 182, 187 (Cir. Ct. 1930),[4] considered whether minority tolling terminates upon the death of the minor and held:

> [W]here a cause of action accrues to an infant, who later dies before reaching his majority . . . the disability protected by section 4 of our statute of limitations is removed by the infant's death, and . . . his representative must bring suit on such cause of action, within the period limited after his death.
>
> [Ibid.]

The court reasoned that an adult's death does not interrupt the statute of limitations in a survival act claim because that claim passes to decedent's legal

---

[4] The Circuit Court in 1930, prior to the extensive overhaul of the New Jersey judicial system by the New Jersey Constitution of 1947, was presided over by a justice of the Supreme Court. Jurisdiction of the Circuit Court was concurrent with the Supreme Court for non-criminal cases within the county. Judiciary Branch Archive, N.J. Dep't of State, https://www.nj.gov/state/archives/catjudiciary.html (last visited June 24, 2022).

A-3361-20

representative. "There is no reason whatever why the kin of a minor should be favored over those of an adult under such circumstances." Id.

> If the persons who are the beneficiaries of a cause of action may choose their own time for applying for the appointment of an administrator and consequently for setting the statute running, the two-year period of limitation, so far as it applies . . . . might well have been omitted from the statute . . . .[i]n view of the purpose of the statute of limitations, []a savings clause in favor of infants and insane persons should not be extended beyond the plain requirements of their disability, so as to protect indefinitely persons who are not in need of such protection.
>
> [Id. at 186-87.]

The logic set forth in Schwarz remains equally sound almost one hundred years later. Plaintiffs are not entitled to the protection afforded to minors for their own disabilities, and the minority tolling provision does not apply to their claims.

Indeed, applying N.J.S.A. 2A:14-2(a)'s minority tolling provision to these circumstances would upset the stated purpose behind its enactment. The amendments are intended to limit minority tolling, not expand it. In general, the statute of limitations on medical malpractice claims is two years, but will be tolled for minors until age eighteen, pursuant to the statute's longstanding minority tolling provision. Rather than extending protection to minors, the 2004 amendments curtailed minority tolling to a shorter period, a minor's thirteenth

13

birthday, in cases of "medical malpractice for injuries sustained at birth . . . . " N.J.S.A. 2A:14-21. The legislative history makes clear the amendments were intended to limit claims as they were enacted with the New Jersey Medical Care Access and Responsibility and Patients First Act, N.J.S.A. 2A:53A-37 to -42, which "provide[d] for a comprehensive set of reforms affecting the State's tort liability system" in response to "a dramatic escalation in medical malpractice liability insurance premiums." N.J.S.A. 2A:53A-38.

The stated purpose of minority tolling is to enable a minor to attain a level of life experience or comprehension sufficient to hold him or her accountable for legal decision-making, an eventuality that can never be met by a deceased minor. We hold N.J.S.A. 2A:14-2(a)'s minority tolling provision applies to suits brought by or on behalf of a minor and is inapplicable to suits brought on behalf of minor decedents or their estates, and the trial court erred in its application of minority tolling.

We are mindful plaintiffs also argued they substantially complied with the applicable statutes of limitations. The trial court did not rule on this issue. We express no view about whether plaintiffs have presented a viable claim of substantial compliance but instead remand for its consideration.

14

The orders denying summary judgment are vacated and the matters are remanded for further consideration by the trial court of plaintiffs' alternative argument of substantial compliance. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3361-20